**James T. OLLETT, Petitioner,**

v.

**DEPARTMENT OF THE AIR FORCE, Respondent.**

No. 01–3053.

United States Court of Appeals, Federal Circuit.

June 8, 2001.

Richard Johnson, Attorney, Department of the Air Force, of Arlington, VA, for respondent. On the brief were Stuart Schiffer, Acting Assistant Attorney General; David M. Cohen, Director; Robert E. Kirschman, Jr., Assistant Director; and Gerald M. Alexander, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC.

Before MICHEL, SCHALL, and DYK, Circuit Judges.

PER CURIAM.

James T. Ollett petitions for review of the decision of an arbitrator that denied him entitlement to back pay after the arbitrator sustained his grievance of the action of the Department of the Air Force ("agency") that removed him from his position. *Ollett v. Hill Air Force Base,* FMCS Case No. 00–07189 (Oct. 6, 2000) (Staudohar, Arb.). For the reasons set forth below, we vacate the arbitrator's decision and remand for further proceedings.

## BACKGROUND

The agency removed Mr. Ollett from his position as a firefighter following a plea of guilty to a second-degree felony charge in the State of Texas. The judge before whom Mr. Ollett pleaded guilty entered an "Order Deferring Adjudication on a Plea of Guilty" and placed Mr. Ollett on seven years of deferred adjudication probation.

The events that gave rise to the charge against Mr. Ollett occurred while he was on temporary duty assignment in Texas for training. Following his return to his regular duty station in Utah, the agency suspended Mr. Ollett's security clearance and began the process of removing him from employment. Mr. Ollett challenged his removal, and his grievance eventually went to arbitration. The arbitrator issued an Opinion and Decision on October 16, 2000, finding that removal was not for just cause nor in the interest or efficiency of the service. At the time the arbitrator's opinion issued, the revocation of Mr. Ollett's security clearance was still under consideration. Because Mr. Ollett did not have a security clearance, the arbitrator could not reinstate him to his former position, which required such a clearance. While a decision on the clearance was pending, the arbitrator recommended that Mr. Ollett be placed in a comparable position that did not require a security clearance. The arbitrator also denied Mr. Ollett back pay or benefits. Mr. Ollett appeals the denial of back pay and benefits. We have jurisdiction pursuant to 5 U.S.C. §§ 7121(f), 7703(a)(1) and (b)(1) (1994).

## DISCUSSION

We review an appeal from an arbitrator's decision under the same standard of review that governs appeals from the Merit Systems Protection Board. 5 U.S.C. § 7121(f) (1994); *Am. Fed'n of Govt. Employees, Local 2718 v. Dep't of Justice, INS,* 768 F.2d 348, 350 (Fed.Cir.1985). Therefore, we must affirm the decision of the arbitrator unless we find the decision to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation having been followed or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994).

### I.

The Back Pay Act, 5 U.S.C. § 5596(b)(1)(A)(i) (1994), provides as follows:

An employee of an agency who, on the basis of a timely appeal or an administrative determination (including a decision relating to an unfair labor practice or a grievance) is found by appropriate authority under applicable law, rule, regulation, or collective bargaining agreement, to have been affected by an unjustified or unwarranted personnel action which has resulted in the withdrawal or reduction of all or part of the pay, allowances, or differentials of the employee—

(A) is entitled, on correction of the personnel action, to receive for the period for which the personnel action was in effect—

(i) an amount equal to all or any part of the pay, allowances, or differentials, as applicable which the employee normally would have earned or received during the period if the personnel action had not occurred, less any amounts earned by the employee through other employment during that period. . . .

■ Section 5596(b)(1)(A)(i) requires an award of back pay in a situation where the personnel action was entirely unjustified or unwarranted. If, however, the arbitrator finds that some form of personnel action was justified and warranted but that the particular penalty was unjustified or unwarranted, the arbitrator may mitigate the penalty, for example, from removal to suspension. Under these circumstances, an award of back pay is not required by the statute. *Am. Fed'n*, 768 F.2d at 350–51 (stating that § 5596(b)(1)(A)(i) was intended for a situation "where the decisionmaker has *reversed* an agency imposed removal or suspension action, precisely because the action was 'unjustified or unwarranted.' Plainly the section does not cover a situation where the arbitrator has mitigated a removal, has found the employee as much responsible for the removal action as the agency, and has expressly denied back pay as part of a mitigated penalty.").

In *American Federation*, we upheld an arbitrator's decision denying back pay to an Immigration and Naturalization Service clerk who was found to be involved in a marriage fraud scheme. The arbitrator in that case determined that, although the grievant's actions did not rise to the level requiring removal, her actions nonetheless were dishonest and she had not cooperated fully with the investigation. Therefore, instead of sustaining the removal, the arbitrator reduced the grievant's penalty to a fifteen day suspension and denied her back pay for the remaining period that she was out of work. The arbitrator determined that "the fact that [the grievant] suffered over six months loss of income is as much attributable to her as it is to the Agency's erroneous conclusion of law. For that reason, the [arbitrator] cannot award [the grievant] any back pay." *Id.* at 350. Because the arbitrator's decision was grounded in the finding that the grievant was at least in part responsible for the removal action and some personnel action was justified, we upheld the denial of back pay under § 5596. *Id.* at 351.

## II.

In this case, the arbitrator reversed the agency's removal action. After finding that Mr. Ollett did not pose a threat to national security and that the incident that led to the charge against him would have no effect on his ability to perform his job, the arbitrator concluded that Mr. Ollett's removal "was not for just cause [and] was [not] in the interest and efficiency of the service." *Ollett*, slip op. at 16. In reversing the removal action, the arbitrator determined that Mr. Ollett was eligible to be reinstated to his former position. However, the arbitrator stated that because Mr. Ollett "does not now possess the required security clearance to work on that job, reinstatement to his former position cannot be granted as a remedy." The arbitrator continued: "In the event that [Mr. Ollett's] security clearance is reinstated by the Air Force board, he is entitled to resume his former duties." *Id.* The arbitrator concluded his decision with the statement that "[i]n any event, [Mr. Ollett] is not entitled to back pay or benefits." *Id.*

■ The arbitrator determined that Mr. Ollett's removal "was not for just cause

[and] was [not] in the interest and efficiency of the service." In view of this determination, the statement in *American Federation* that 5 U.S.C. § 5596(b)(1)(A)(i) was intended to cover the situation "where the decisionmaker has *reversed* an agency imposed removal or suspension action, precisely because the action was 'unjustified or unwarranted'" would seem to apply. The reversal of an unjustified removal by an arbitrator entitles a grievant to an award of back pay. On the other hand, the decision before us includes statements of the arbitrator's opinion that Mr. Ollett "exercised dreadfully poor judgment in his actions" and that Mr. Ollett's "lapse of judgment was so great that it overshadowed the otherwise good work record." These statements, as well as the arbitrator's conclusion that, "[i]n any event, the Grievant is not entitled to back pay or benefits," indicate that perhaps the arbitrator intended to mitigate the penalty of removal rather than to find that no penalty was appropriate. A complicating factor in the case is the fact that, at the time of the arbitrator's decision, proceedings relating to the revocation of Mr. Ollett's security clearance were pending.

■ In sum, having reviewed the arbitrator's decision, it is not clear to us whether the arbitrator declined to award back pay (i) because he incorrectly believed the statute allowed him to do so even if no personnel actions were justified or warranted; (ii) because he believed he was not empowered to do so in view of the revocation of the security clearance (which meant that Mr. Ollett could not be reinstated to his previous position); or (iii) because, in the context of a mitigation action, it was his intention not to award back pay (which, in view of the absence of findings like those in *American Federation*, however, is inconsistent with his statement that Mr. Ollett's removal was

not for just cause). Only if the arbitrator made a finding of fault on Mr. Ollett's part which would justify a mitigated penalty could he properly deny back pay. Under these circumstances, we believe that the appropriate course is for us to remand the case to the arbitrator for clarification on the issue of back pay in light of applicable law. *See* 5 U.S.C. § 5596(b)(1)(A)(i); *Am. Fed'n,* 768 F.2d at 351. Accordingly, the arbitrator's decision is vacated. The case is remanded to the arbitrator for further proceedings consistent with this opinion.

Each party shall bear its own costs.