**James T. OLLETT, Petitioner,**

v.

**DEPARTMENT OF THE AIR FORCE, Respondent.**

**No. 02–3001.**

United States Court of Appeals, Federal Circuit.

May 16, 2002.

Before SCHALL, DYK, and PROST, Circuit Judges.

PER CURIAM.

James T. Ollett petitions for review of the decision of an arbitrator denying him back pay. We vacate and remand.

The facts of this case are set forth in detail in our previous decision in *Ollett v. Department of Air Force*, 253 F.3d 692 (Fed.Cir.2001) (*"Ollett I"*). Briefly, the pertinent facts are as follows.

Ollett was employed as a firefighter by the Department of the Air Force ("Air Force") at Hill Air Force Base, Utah. Ollett's actions giving rise to this charge all occurred while he was off-duty and on a temporary duty assignment in Texas. While he was in Texas, Ollett was arrested and charged with a second-degree felony. After he pled guilty to the charge, the Air Force removed Ollett from his position as a firefighter at the Utah base effective November 1, 1999. Ollett grieved his removal, and his grievance went to arbitration. While stating that " '[t]here is no doubt that the Grievant exercised dreadfully poor judgment in his actions,' " *Ollett v. Dep't of Air Force*, No. 01–3053, at 2 (July 2, 2001) (Staudohar, Arb.) (letter to Messrs. Ollett and Wecker) (*"Ollett II"*), the arbitrator concluded that "the removal ... was not for just cause nor was it in the interest and efficiency of the service," *Ollett v. Hill Air Force Base*, FMCS Case No. 00–07189, slip op. at 16 (Oct. 6, 2000) (Staudohar, Arb.). The arbitrator also found that Ollett could return to a comparable position if his Air Force security clearance were reinstated, but the arbitrator denied back pay or benefits. *Id.*

On appeal, we vacated the decision of the arbitrator declining to award back pay and remanded for further proceedings. We stated our holding as follows:

In sum, having reviewed the arbitrator's decision, it is not clear to us whether the arbitrator declined to award back pay (i) because he incorrectly believed the statute allowed him to do so even if no personnel actions were justified or warranted; (ii) because he believed he was not empowered to do so in view of the revocation of the security clearance (which meant that Mr. Ollett could not be reinstated to his previous position); or (iii) because, in the context of a mitigation action, it was his intention not to award back pay (which, in view of the absence of findings like those in [*American Federation of Government Employees, Local 2718 v. Department of Jus-*

*tice, INS,* 768 F.2d 348 (Fed.Cir.1985) ], however, is inconsistent with his statement that Mr. Ollett's removal was not for just cause). Only if the arbitrator made a finding of fault on Mr. Ollett's part which would justify a mitigated penalty could he properly deny back pay. Under these circumstances, we believe that the appropriate course is for us to remand the case to the arbitrator for clarification on the issue of back pay in light of applicable law. *See* 5 U.S.C. § 5596(b)(1)(A)(i); *Am. Fed'n,* 768 F.2d at 351.

*Ollett I,* 253 F.3d at 695.

On remand the arbitrator, unfortunately, did not require further submissions by the parties, but simply issued a new award, again declining to award back pay. The arbitrator continues to claim the authority to find the removal unjustified and at the same time to decline to award back pay. The award states that "the removal ... was not for just cause," and the award further states that "[m]y understanding of the law as outlined by the Court is that my finding that Mr. Ollett's removal from his position with the Air Force was improper does not, *ipso facto,* require an award of back pay." *Ollett II* at 2. That approach, as we made clear in our earlier decision, is erroneous. The only circumstance in which the arbitrator can decline to award back pay is when the arbitrator finds that a personnel action is justified, but mitigates the penalty (for example, from removal to suspension).

We vacate and remand once again to the arbitrator to determine whether he is finding a personnel action justified, but is mitigating the penalty (from removal to suspension, for example). If he takes this action, he must specifically find a personnel action justified, and specify what personnel action less than removal will be imposed in mitigation of the penalty. If he does this, the arbitrator may deny back pay. But if the arbitrator continues to find any personnel action unjustified, he must award back pay in accordance with the provisions of 5 U.S.C. § 5596(b)(1)(A)(i).

No costs.