Note: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3213

SHANTELL L. HAWKINS,

Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY,
U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,

Respondent.

Shantell L. Hawkins, of Port St. Lucie, Florida, pro se.

Brian T. Edmunds, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Peter D. Keisler, Acting Attorney General, Jeanne E. Davidson, Director, and Kathryn A. Bleecker, Assistant Director.

Appealed from: Arbitrator's Decision

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3213

SHANTELL L. HAWKINS,

Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY,
U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,

Respondent.

---

DECIDED: November 13, 2007

---

Before SCHALL, BRYSON, and MOORE, Circuit Judges.

PER CURIAM.

DECISION

Shantell L. Hawkins appeals the decision of arbitrator John M. Donoghue ("arbitrator") upholding the decision of Ms. Hawkins's employer, the Department of Homeland Security ("Homeland Security"), terminating her from employment. In re

DISCUSSION

I.

Ms. Hawkins served in various law enforcement positions at Homeland Security from 1998 until her removal on April 12, 2006.  Id. at 1, 4.  Homeland Security removed Ms. Hawkins as a consequence of her failing to report for work on multiple occasions without providing a justification for her absence.

Prior to the events leading to Ms. Hawkins's removal, Homeland Security had proposed her removal based upon allegedly reckless behavior, including failure to properly store a weapon and improper handling of another officer's weapon.  Id. at 5.  In response to these charges, Ms. Hawkins was demoted from a Law Enforcement Security Officer to a Security Specialist in 2004.  Id.  Later in 2004, Ms. Hawkins's supervisor created a specialized schedule to accommodate various work attendance problems that had arisen during her employment.  Id.

The events culminating in Ms. Hawkins's removal took place after Homeland Security informed Ms. Hawkins that she would be unable to take leave originally scheduled for September 6 to September 12, 2005, inasmuch as her services were required to prepare for the anticipated arrival of Hurricane Katrina.  Id. at 2.  Ms. Hawkins, who intended to visit her family in Michigan, nonetheless proceeded to take leave as originally planned.  Id. at 2–3, 9.  When Homeland Security realized that Ms. Hawkins had taken the previously scheduled leave, it placed her on a leave of absence without pay for the period of the original requested leave time.  Id. at 3.  Ms. Hawkins

did not report to work on September 12, the date on which the leave without pay expired, but rather delayed her return until September 13. Id.

Following the aforesaid incident, Ms. Hawkins again absented herself from work on multiple occasions. On September 21, 2005, she was absent from work for a period of eight hours without permission, and on September 22 she properly utilized sick leave, but improperly failed to appear on September 23, asserting that she thought her sick leave also included that date. Id. On October 25, 2005, Ms. Hawkins was absent from work without permission, and on October 26 she failed to appear for work again, asserting that she did not have access to gasoline for her vehicle. Id. She eventually arrived at work later that day, after missing two hours of work. Id.

Prior to and during the aforesaid events, Ms. Hawkins suffered various personal problems that she asserted limited her ability to be at work. Her mother died in a hurricane in 2004, and her brother died shortly before that. Id. at 4. She also allegedly suffered various psychological problems, prompting her to enroll in the Employee Assistance Program in February 2006. Id. at 4–5.

Ms. Hawkins's supervisor recommended her removal for her absences without leave in September and October 2005. Id. at 4. On April 11, 2006, the Deputy Regional Director of the Federal Protective Services approved the action, which took effect the following day. Id.

Ms. Hawkins challenged her removal before the arbitrator, who sustained Homeland Security's removal decision, finding that sufficient facts warranted the removal action and that the alleged mitigating circumstances noted above were insufficient to override the reasons for taking the action. See generally id. Ms. Hawkins

now appeals the decision of the arbitrator. We have jurisdiction pursuant to 5 U.S.C. §§ 7121(f) and 7703.

II.

Our scope of review in an appeal from a decision of an arbitrator is limited. Specifically, the same standard of review applies to decisions of an arbitrator as applies to decisions of the Merit Systems Protection Board. 5 U.S.C. § 7121(f) (2000); Ollett v. Dep't of the Air Force, 253 F.3d 692, 693 (Fed. Cir. 2001). We must affirm the arbitrator's decision unless we find it to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law"; "obtained without procedures required by law, rule, or regulation having been followed"; or "unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed.Cir. 1998).

On appeal, Ms. Hawkins contends that the arbitrator made certain factual and legal errors in his disposition of her case. With respect to factual errors, she faults the arbitrator for crediting the testimony of Homeland Security's witnesses rather than the testimony of her witnesses, seemingly implying that her witnesses feared retaliation by Homeland Security. She also contends that the arbitrator incorrectly failed to find that a Homeland Security official improperly induced her supervisor to effect the removal. With respect to legal errors, Ms. Hawkins argues that the arbitrator erred (1) in finding that she was not deprived of her due process rights when Homeland Security considered conduct prior to the improper absences in arriving at the removal decision and (2) in applying the factors for reviewing a penalty of removal articulated in Douglas v. Veterans Administration, 5 M.S.P.R. 280 (1981).

III.

We conclude that the arbitrator's decision was not arbitrary or capricious, complied with all procedural requirements, and was supported by substantial evidence. First, with respect to the alleged factual errors, Ms. Hawkins in large part challenges the credibility determinations of the arbitrator, contending that he wrongly credited the testimony of Homeland Security's witnesses, while discounting the testimony of her witnesses, and that he wrongly failed to find improper influence by Homeland Security upon her supervisor. In challenging an arbitrator's credibility determinations, an appellant bears a heavy burden. Credibility determinations are "virtually unreviewable" by appellate courts, Raney v. Fed. Bureau of Prisons, 222 F.3d 927, 939 (Fed. Cir. 2000) (en banc), and an appellant must show that credited testimony is either facially improbable or refuted by undisputed evidence or fact, Gibson v. Dep't of Veterans Affairs, 160 F.3d 722, 726 (Fed. Cir. 1998). Far from shouldering this heavy burden, Ms. Hawkins simply provides conclusory assertions to the effect that the arbitrator erred. Ms. Hawkins comes nowhere near demonstrating that the arbitrator's decision was internally improbable or inconsistent with undisputed material facts.

At the same time, we see no legal errors in the decision of the arbitrator. Ms. Hawkins has shown neither a violation of due process nor a misapplication of the Douglas factors. Concerning the alleged due process violation, Homeland Security correctly notes that Ms. Hawkins received a notice apprising her of the agency's consideration of her past misconduct in the removal decision. Thus, Homeland Security did not improperly factor such conduct into its removal decision without providing Ms.

Hawkins notice. Concerning the alleged misapplication of the Douglas factors,[1] the arbitrator's decision must stand unless the arbitrator was arbitrary or capricious in applying the factors, and the arbitrator need not apply the factors via any preordained formula. Farrell v. Dep't of the Interior, 314 F.3d 584, 594 (Fed. Cir. 2002). The arbitrator did not discuss at length the Douglas factors. He did, however, briefly note that Ms. Hawkins's offense was relatively serious, that she was properly warned of her misconduct, that other similarly situated employees did not receive particularly disparate penalties, that Ms. Hawkins had not provided proof of mental distress, and that Homeland Security had attempted to accommodate her schedule. Arbitrator Decision at 11–13. Finally, he explained his reasoning in light of the Douglas factors. Id. Ms. Hawkins has failed to demonstrate that the arbitrator acted arbitrarily or capriciously in applying the factors.

For the foregoing reasons, the decision of the arbitrator is affirmed.

No costs.

---

[1] The so-called Douglas factors, most of which are not relevant to the case at hand, include: (1) the seriousness of the offense and its relation to the employee's duties, (2) the prominence of the employee's position, (3) the employee's past disciplinary record, (4) the employee's work record, (5) the effect of the offense on the employee's ability to perform satisfactorily, (6) the consistency of the penalty with penalties imposed on other employees, (7) the consistency of the penalty with agency penalty tables, (8) the notoriety of the offense, (9) the clarity of the notice to the employee concerning the impropriety of the misconduct, (10) the employee's potential for rehabilitation, (11) the mitigating circumstances surrounding the offense, and (12) the adequacy of alternative sanctions to deter future misconduct. 5 M.S.P.R. at 305–06.