# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ROSALIND DAVIS, | DOCKET NUMBER |
| Appellant, | CB-7121-14-0015-V-1 |
| v. | |
| SOCIAL SECURITY | DATE: August 21, 2014 |
| ADMINISTRATION, | |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Patricia J. McGowan, Esquire, Baltimore, Maryland, for the appellant.

Lauren Donner Chait, Philadelphia, Pennsylvania, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1 The appellant has filed a request for review of an arbitration decision, which mitigated the appellant's removal to a time-served suspension. For the reasons discussed below, we GRANT the appellant's request for review under

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

5 U.S.C. § 7121(d) and MODIFY the arbitrator's decision. The appellant's removal is MITIGATED to a suspension of 120 days.

## BACKGROUND

¶2      Effective January 22, 2013, the agency removed the appellant from her Case Intake Technician (CIT) position with the agency's Office of Disability Adjudication and Review in Pittsburgh, Pennsylvania, based on a charge of misuse of her official position. Request for Review (RFR) File, Tab 1, Subtabs 2, 5. In support of the charge, the agency alleged that the appellant assigned three disability cases of family members or friends to a particular administrative law judge without authorization. *Id.*, Subtab 2 at 1-2. The appellant's union filed a grievance of the removal action, which proceeded to arbitration. RFR File, Tab 4 at 55-68. After holding a hearing, the arbitrator issued a decision on March 24, 2014, in which he sustained the charge and found that the appellant failed to substantiate her claims of race discrimination and retaliation for protected equal employment opportunity (EEO) activity. *Id.* at 69-104. The arbitrator also found, however, that the penalty of removal was "too severe" for the sustained charge and awarded the appellant "reinstatement with no back pay from the date of her removal on January 22, 2013, until reinstated."[2] *Id.* at 104. The arbitrator further found that the appellant was not entitled to compensatory damages or attorney fees. *Id.*

¶3      The appellant has requested review of the arbitration decision, alleging that the arbitrator erred in mitigating the penalty to a time-served suspension. RFR File, Tab 1 at 1, 4-6. The agency has responded in opposition. RFR File, Tab 4 at 4-12.

---

[2] In its response to the appellant's request for review, the agency states that the appellant returned to work at the agency on May 5, 2014. RFR File, Tab 4 at 8 n.5. The appellant has not disputed this statement.

**ANALYSIS**

The Board has jurisdiction over the appellant's request for review.

¶4     The Board has jurisdiction to review an arbitrator's decision under 5 U.S.C. § 7121(d) when the subject matter of the grievance is one over which the Board has jurisdiction, the appellant has alleged discrimination under 5 U.S.C. § 2302(b)(1) in connection with the underlying action, and a final decision has been issued. *Kirkland v. Department of Homeland Security*, 119 M.S.P.R. 74, ¶ 10 (2013). Each of these conditions has been satisfied in this case.[3] First, the appellant's grievance concerns her removal, a subject matter over which the Board has jurisdiction. RFR File, Tab 4 at 55; *see* 5 U.S.C. § 7512(1). Second, the appellant alleged in her grievance and in her request for review that the agency's action was based on race discrimination and was taken in retaliation for filing EEO complaints.[4] RFR File, Tab 1 at 1, Tab 4 at 121. Finally, the arbitrator has issued a final decision. RFR File, Tab 4 at 69-104.

The penalty ordered by the arbitrator is not entitled to deference.

¶5     The scope of the Board's review of an arbitration decision is narrow; such decisions are entitled to a greater degree of deference than initial decisions of the

---

[3] We note that the agency has not contested the Board's jurisdiction over the appellant's request for review. *See* RFR File, Tab 4 at 4-12.

[4] The appellant asserts that she raised a discrimination claim before the arbitrator and "does not wish to relinquish any of her claims or defenses for further review." RFR File, Tab 1 at 1. We broadly construe this claim as a challenge to the arbitrator's finding that the appellant failed to prove her discrimination and retaliation claims. *See* RFR File, Tab 4 at 102. However, the appellant has not specified how the arbitrator erred as a matter of law in interpreting civil service law, rule, or regulation in this regard, and we defer to the arbitrator's findings on this issue and discern no reason to disturb them. *See Keller v. Department of the Army*, 113 M.S.P.R. 557, ¶ 6 (2010) (the Board cannot substitute its conclusions for those of the arbitrator absent legal error); *Cirella v. Department of the Treasury*, 108 M.S.P.R. 474, ¶ 15 (a request for review of an arbitration decision must contain sufficient specificity to enable the Board to ascertain whether there is a serious evidentiary challenge), *aff'd*, 296 F. App'x 63 (Fed. Cir. 2008); *see also* RFR File, Tab 2 (informing the appellant of the required contents for a request for review of an arbitration decision as set forth in 5 C.F.R. § 1201.155(d)).

Board's administrative judges. *Keller*, 113 M.S.P.R. 557, ¶ 6. Even if the Board disagrees with an arbitration decision, the Board cannot substitute its conclusions for those of the arbitrator absent legal error. *Id.* The Board will modify or set aside an arbitration decision only if the arbitrator has erred as a matter of law in interpreting civil service law, rule, or regulation. *Id.*

¶6        The deference that is due to an arbitrator's findings extends to findings related to penalty determinations. *Fulks v. Department of Defense*, 100 M.S.P.R. 228, ¶ 20 (2005). In making these findings, however, arbitrators are required to apply the same rules the Board applies. *Id.* When the arbitrator does not apply those rules, his penalty determination is not entitled to deference, and the Board will conduct its own analysis. *Id.*

¶7        In her request for review, the appellant asserts that the Board should not defer to the penalty ordered by the arbitrator because he failed to explain how he arrived at the penalty imposed, i.e., a time-served suspension. RFR File, Tab 1 at 6. Our reviewing court's predecessor, the Court of Claims, first addressed time-served suspensions in *Cuiffo v. United States*, 137 F. Supp. 944 (Ct. Cl. 1955). There, the court set aside Mr. Cuiffo's time-served suspension as "arbitrary and unfair" because it was "determined by accident, and not by a process of logical deliberation and decision." *Id.* at 950. Relying on *Cuiffo*, the Board and its reviewing court have held that mitigating a removal to a time-served suspension without articulating a basis for the length of the suspension is inherently arbitrary, and that the arbitrary penalty is not entitled to deference. *See, e.g.*, *Greenstreet v. Social Security Administration*, 543 F.3d 705, 707-10 (Fed. Cir. 2008); *Fulks v. Department of Defense*, 100 M.S.P.R. 228, ¶¶ 23, 29 (2005); *Belldina v. Department of Justice*, 50 M.S.P.R. 497, 501-02 (1991).

¶8        The appellant in *Fulks*, who suffered from narcolepsy, was removed from his position as an Education Technologist at a high school for sleeping while on duty and failing to follow established leave procedures, resulting in his being

absent without leave. *Fulks*, [100 M.S.P.R. 228](), ¶ 2. The arbitrator found that Mr. Fulks should be reinstated as of the date of his decision, thereby effectively mitigating the removal to a time served suspension of 20 months and 13 days. *Id.*, ¶ 22. On review, the Board noted that in *Cuiffo*, *Belldina*, and *Montalvo v. U.S. Postal Service*, [50 M.S.P.R. 48](), 50-51 (1991), the Court of Claims and the Board had found time-served suspensions inappropriate because the penalty in those cases was determined by accident, i.e., by reference to the length of time taken by the appeal or other administrative review process. *Fulks*, [100 M.S.P.R. 228](), ¶ 27. The Board found that the arbitrator's mitigation of Mr. Fulks's removal to a time-served suspension was not entitled to deference because the record "le[ft] no doubt that the unusual length of the suspension to which the arbitrator mitigated the appellant's removal was determined by reference to the time that had elapsed since that removal." *Id.*, ¶¶ 28-29. In particular, the Board found that the arbitrator appeared to have relied on his analysis of the factors for determining the appropriateness of a penalty set forth in *Douglas v. Veterans Administration*, [5 M.S.P.R. 280](), 306 (1981), only as a basis for finding that Mr. Fulks was entitled to reinstatement in his former position. *Fulks*, [100 M.S.P.R. 228](), ¶ 28. The Board found, however, that the arbitrator's decision that mitigation was warranted was entitled to deference, and it mitigated the penalty to a 120-day suspension. *Id.*, ¶¶ 29, 31.

¶9 In *Greenstreet*, the petitioner was terminated from his position as an Information Technology Specialist with the Social Security Administration for damaging a computer and other office equipment in an apparently isolated outburst. *Greenstreet*, 543 F.3d at 706. Mr. Greenstreet conceded that his conduct had been improper but argued that termination was too severe a penalty. *Id.* Applying the *Douglas* factors, the arbitrator found that termination was an excessive penalty and ordered Mr. Greenstreet reinstated without back pay, thereby effectively mitigating the termination to a time-served suspension. *Id.*

¶10    The Federal Circuit vacated the arbitrator's imposition of a time-served suspension, finding that the length of the suspension was arbitrary because it was based solely on time served. *Id.* at 710. In that regard, the court noted that, although the arbitrator conducted an analysis under the *Douglas* factors, his analysis was directed entirely toward whether termination was an appropriate penalty, and his opinion contained no findings or analysis concerning the appropriate length of Mr. Greenstreet's suspension. *Id.* The court concluded, "[T]he reasoning of *Cuiffo*, consistent with the holdings of the MSPB, is sound and [we] hold that the length of a suspension is arbitrary when it is based solely on the suspended employee's 'time served' awaiting decision." *Id.* (citing *Fulks*, 100 M.S.P.R. at 239).

¶11    In opposition to the appellant's request for review, the agency asserts that the appellant "principally relies" upon *Fulks* to support her argument that the time-served suspension imposed by the arbitrator is not entitled to deference. RFR File, Tab 4 at 8. The agency contends that *Fulks* is distinguishable from the present matter for two reasons. First, the agency asserts that, in *Fulks* there was a relationship between the appellant's illness and his misconduct, whereas the appellant in this case "has no excuse of medical issues for her admitted actions, her misconduct is not one that could be avoided through medical intervention, and there was no external force, such as a medical issue, that would mitigate the penalty." *Id.* at 8-9. Second, the agency contends that the arbitrator's analysis of the *Douglas* factors in the present appeal was much more extensive than the arbitrator's analysis of those factors in *Fulks*. *Id.* at 10-12. In particular, the agency asserts that the arbitrator in *Fulks* considered only five of the twelve Douglas factors; however, in this case, the arbitrator considered all of the *Douglas* factors. *Id.* at 10.

¶12    We find these arguments unpersuasive. Even assuming arguendo that the factual distinctions between *Fulks* and this case support the agency's apparent

argument that the appellant should receive a more severe penalty than Mr. Fulks,[5] those distinctions have no bearing on the issue of whether the arbitrator's chosen penalty of a time-served suspension is arbitrary and, thus, not entitled to deference. Moreover, contrary to the agency's apparent assertion on review, the Board in *Fulks* did not find the penalty of a time-served suspension inappropriate because the arbitrator's analysis of the *Douglas* factors was inadequate. RFR File, Tab 4 at 8-9; *see Fulks*, 100 M.S.P.R. 228, ¶ 27 (explaining that the Board and the Court of Claims had not found time-served suspensions inappropriate because of a failure to consider appropriate factors in deciding whether mitigation was appropriate). Rather, the Board found that the imposition of a time-served suspension was inappropriate because the penalty was "determined by accident" insofar as the length of the suspension was determined by reference to the time that had elapsed since the appellant's removal. *Fulks*, 100 M.S.P.R. 228, ¶¶ 27-29.

¶13        In support of its argument that the time-served suspension at issue in this case is not arbitrary, the agency also relies on our reviewing court's nonprecedential decision in *Stilley v. Department of Veterans Affairs*, 225 F. App'x 889, 890 (Fed. Cir. 2007). RFR File, Tab 4 at 9. In that case, an arbitrator mitigated Ms. Stilley's removal penalty to a time-served suspension because she had not been permitted to have a union representative present during questioning

---

[5] In its response to the appellant's request for review, the agency states that it "does not agree with the arbitrator's conclusion that the appellant should be returned to her CIT position." RFR File, Tab 4 at 7 n.4. The agency also asserts that an arbitrator should disturb the penalty chosen by an agency only when the agency has abused its discretion and failed to consider certain factors when evaluating the propriety of a penalty. *Id.* at 8. To the extent that the agency is challenging the arbitrator's decision to mitigate the removal penalty, the Board has held that, under 5 U.S.C. § 7121(d), agencies lack an independent right to seek Board review of arbitration decisions. *E.g.*, *Pace v. Department of the Treasury*, 118 M.S.P.R. 542, ¶ 3 n.1 (2012). Thus, although we have considered the agency's opposition to the appellant's request for review, we otherwise lack the authority to review the agency's apparent allegations of error in the arbitration decision. *See id.*

concerning her misconduct. *Stilley*, 225 Fed. App'x at 890. On appeal, the panel in *Stilley* rejected Ms. Stilley's argument that "a 'time-served' suspension is an inappropriate penalty" and affirmed the arbitrator's imposition of a time-served suspension, relying on the Federal Circuit's Back Pay Act decisions in *Ollett v. Department of the Air Force*, 253 F.3d 692, 693 (Fed. Cir. 2001), and *American Federation of Government Employees, Local 2718 v. Department of Justice*, 768 F.2d 348, 350 (Fed. Cir. 1985).[6] *Stilley*, 225 Fed. App'x at 890.

¶14        In *Greenstreet*, our reviewing court rejected the agency's argument that the time-served suspension at issue in that case should be upheld pursuant to *Stilley*. *Greenstreet*, 543 F.3d at 709. The court found that the agency's reliance on *Stilley* was not persuasive for various reasons, including the following: unlike Mr. Greenstreet, who argued that his suspension was arbitrary in length because it was solely based on time served, Ms. Stilley argued that her time-served suspension was an inappropriate, i.e., disproportionate, penalty. *Id.* In addition, the court found, because the *Stilley* panel cited and relied on the court's Back Pay Act decisions in *Ollett* and *American Federation*, the panel understood Ms. Stilley's argument to be premised on the Back Pay Act. *Id.* By contrast, the court noted, Mr. Greenstreet's argument was not based on the Back Pay Act. *Id.*

¶15        The aforementioned reasons cited by the court in *Greenstreet* for finding the agency's reliance on *Stilley* unpersuasive also apply here. As in *Greenstreet*, the appellant in this case argues that her suspension is arbitrary because it was solely based on the time served; she does not claim that the time-served suspension is a

_____

[6] In both *Ollett* and *American Federation*, an arbitrator mitigated an employee's termination or removal to a suspension and denied back pay. *Ollett*, 253 F.3d at 693; *American Federation*, 768 F.2d at 350. On appeal to the Federal Circuit, each of these employees claimed that he was entitled to back pay pursuant to 5 U.S.C. 5596(b)(1)(A)(i) of the Back Pay Act, which provides that an employee who has been subjected to an unwarranted and unjustified action is entitled to back pay. *See Ollett*, 253 F.3d at 693; *American Federation*, 768 F.2d at 350. As the court explained in *Greenstreet*, neither of these cases involved an arbitrariness challenge to the length of the suspension, and neither case holds that the length of a suspension can be determined solely on the basis of "time served." *Greenstreet*, 543 F.3d at 709.

disproportionate penalty for her misconduct. RFR File, Tab 1 at 6. Further, the appellant's argument is not based on the Back Pay Act, i.e., she is not contending that she is entitled to back pay because she was subjected to an unwarranted action. *See generally* RFR File, Tab 1. Thus, the agency's argument regarding *Stilley* is unavailing.

¶16     Based on our review of the record, and in light of the precedent discussed above, we agree with the appellant that the suspension imposed by the arbitrator is arbitrary. The unusual length of the suspension in this case[7] was determined by accident as it was based on the length of the arbitration proceedings and the amount of time it took the agency to reinstate the appellant to her position following those proceedings. *See Cuiffo*, 137 F. Supp. at 950 (finding that the length of a suspension ordered by a grievance review board was arbitrary and unfair, in part because it was dependent on the amount of time it took the agency to "get around to reinstating" the employee). Accordingly, we do not defer to the penalty ordered by the arbitrator.

We defer to the arbitrator's judgment to mitigate the appellant's removal to a lengthy suspension.

¶17     We defer, however, to the arbitrator's conclusion that the evidence presented in this case warrants mitigation of the appellant's removal. As discussed above, the arbitration decision reflects that the arbitrator weighed the relevant *Douglas* factors, including numerous mitigating factors such as the appellant's lengthy service, satisfactory work record, remorse for her actions and potential for rehabilitation, and the lack of notoriety of the offense. RFR File, Tab 4 at 101-04; *see Douglas*, 5 M.S.P.R. at 303-08.

---

[7] Although both the appellant and the agency identify the length of the appellant's suspension as 390 days, RFR File, Tab 1 at 6, Tab 4 at 7, the record indicates that the suspension was actually 466 days, as the appellant was removed on January 22, 2013, and returned to work at the agency on May 5, 2014, *see* RFR File, Tab 1, Subtab 5 at 12; Tab 4 at 8 n.5.

¶18    As the arbitrator found, however, "the offense was a very serious matter involving the elements of public trust, honesty, reputation of the agency, and conformance to agency policies."   RFR File, Tab 4 at 102-03.   Further, the appellant's misconduct directly related to her duties, position, and responsibilities.   In addition, the appellant had prior discipline for misuse of a government credit card, which also implicated the appellant's trustworthiness. *See id.* at 43.   Under these circumstances, we find that a 120-day suspension is the maximum reasonable penalty for the appellant's misconduct.

## ORDER

¶19    We ORDER the agency to cancel the removal and to substitute a 120-day suspension, effective January 22, 2013. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984).   The agency must complete this action no later than 20 days after the date of this decision.

¶20    We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision.   We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order.   If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶21    We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it took to carry out the Board's Order.   The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶22    No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement

with the Clerk of the Board if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶23      For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

## NOTICE TO THE APPELLANT REGARDING
## YOUR RIGHT TO REQUEST
## ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the Clerk of the Board.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to

file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                              _____
                                            William D. Spencer
                                            Clerk of the Board

Washington, D.C.

|  | **DFAS CHECKLIST**<br><br>**INFORMATION REQUIRED BY DFAS IN ORDER TO PROCESS PAYMENTS AGREED UPON IN SETTLEMENT CASES OR AS ORDERED BY THE MERIT SYSTEMS PROTECTION BOARD** |
|---|---|

## CIVILIAN PERSONNEL OFFICE MUST NOTIFY CIVILIAN PAYROLL OFFICE VIA COMMAND LETTER WITH THE FOLLOWING:

1. Statement if Unemployment Benefits are to be deducted, with dollar amount, address and POC to send.

2. Statement that employee was counseled concerning Health Benefits and TSP and the election forms if necessary.

3. Statement concerning entitlement to overtime, night differential, shift premium, Sunday Premium, etc, with number of hours and dates for each entitlement.

4. If Back Pay Settlement was prior to conversion to DCPS (Defense Civilian Pay System), a statement certifying any lump sum payment with number of hours and amount paid and/or any severance pay that was paid with dollar amount.

5. Statement if interest is payable with beginning date of accrual.

6. Corrected Time and Attendance if applicable.

## ATTACHMENTS TO THE LETTER SHOULD BE AS FOLLOWS:

1. Copy of Settlement Agreement and/or the MSPB Order.

2. Corrected or cancelled SF 50's.

3. Election forms for Health Benefits and/or TSP if applicable.

4. Statement certified to be accurate by the employee which includes:

   a. Outside earnings with copies of W2's or statement from employer.
   b. Statement that employee was ready, willing and able to work during the period.
   c. Statement of erroneous payments employee received such as; lump sum leave, severance pay, VERA/VSIP, retirement annuity payments (if applicable) and if employee withdrew Retirement Funds.

5. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts.

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

    a. Employee name and social security number.
    b. Detailed explanation of request.
    c. Valid agency accounting.
    d. Authorized signature (Table 63)
    e. If interest is to be included.
    f. Check mailing address.
    g. Indicate if case is prior to conversion. Computations must be attached.
    h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected. (if applicable)

## Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement. (if applicable)

2. Copies of SF-50's (Personnel Actions) or list of salary adjustments/changes and amounts.

3. Outside earnings documentation statement from agency.

4. If employee received retirement annuity or unemployment, provide amount and address to return monies.

5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)

6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.

7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE: If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases: (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a. Must provide same data as in 2, a-g above.
    b. Prior to conversion computation must be provided.
    c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.