NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3296

DEBORAH STILLEY,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Daniel Minahan, Minahan and Shapiro, P.C., of Lakewood, Colorado, for petitioner.

Brian T. Edmunds, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Jeanne E. Davidson, Deputy Director.  Of counsel was Marla T. Conneely.

Appealed from: Arbitrator Decision

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3296

DEBORAH STILLEY,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

_____

DECIDED: March 20, 2007

_____

Before PROST, Circuit Judge, PLAGER, Senior Circuit Judge, and MOORE, Circuit Judge.

PER CURIAM.

The Department of Veterans Affairs ("Department") removed Deborah Stilley from her employment as a nurse. An arbitrator reversed the decision of the Department, but ordered that she not receive back pay for the period of time she was out of work. Because the arbitrator did not err in denying back pay, we affirm.

Ms. Stilley is employed as a licensed practical nurse at the VA Medical Center in Denver, Colorado. After an investigation by the Department's Office of Inspector General ("OIG"), she was removed from her position based on charges of "authorizing the use of government resources under false pretenses" by ordering laboratory tests for

herself and "providing improper and fraudulent documentation to excuse personal absences from duty." She filed a grievance, and her case proceeded to arbitration.

The arbitrator concluded that any information obtained from Ms. Stilley during the investigation could not be used to support Ms. Stilley's removal because the OIG investigators did not permit her to have a union representative present when they questioned her, as provided in the applicable union agreement. Ms. Stilley, however, conceded at the hearing before the arbitrator that she had ordered personal medical tests at government expense. On the basis of the record, the arbitrator determined that Ms. Stilley's removal could not be sustained and ordered that she be restored to duty, but without back pay during the period she was not working. She was deemed to have been on a "disciplinary suspension" for that period of time, which was just over a year.

On appeal, Ms. Stilley argues that a "time-served" suspension is an inappropriate penalty. Under this court's precedents, however, an arbitrator may mitigate a removal penalty to a time-served disciplinary suspension without pay if the petitioner was "at least in part responsible for the removal action" and "some personnel action was justified." Ollett v. Dep't of the Air Force, 253 F.3d 692, 694 (Fed. Cir. 2001); see also Am. Fed'n of Gov't Employees, Local 2718 v. Dep't of Justice, INS, 768 F.2d 348, 351 (Fed. Cir. 1985). Because Ms. Stilley admitted at least some of the misconduct on which the initial removal action was based, the arbitrator acted within his discretion when he imposed the suspension as a mitigated penalty. Furthermore, while the arbitrator did not identify specific mitigating factors under Douglas v. Veterans Administration, 5 M.S.P.R. 280 (1981), he did consider in determining the appropriate sanction factors such as her twenty-four years of exemplary and discipline-free service

and her willingness to admit her actions were wrong.  Finally, to the extent decisions of the Merit Systems Protection Board cited by Ms. Stilley, see, e.g., Fulks v. Dep't of Defense, 100 M.S.P.R. 228 (2005), may be seen as inconsistent with the governing law of this circuit, they of course do not affect the outcome of the case.  Under the circumstances presented by this case, we cannot say that the arbitrator's decision was unsupported by substantial evidence or was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.  See 5 U.S.C. § 7703(c); Ollett, 253 F.3d at 693.