# United States Court of Appeals for the Federal Circuit

2007-3312

LANCE GREENSTREET,

Petitioner,

v.

SOCIAL SECURITY ADMINISTRATION,

Respondent.

Phillip R. Kete, American Federation of Government Employees, of Baltimore, Maryland, argued for petitioner.

Dawn S. Conrad, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent. With her on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Deputy Director. Of counsel on the brief was Eileen M. Inglesby-Houghton, Senior Attorney, Office of the General Counsel, Social Security Administration, of Baltimore, Maryland.

Appealed from: Arbitrator Decision

# United States Court of Appeals for the Federal Circuit

2007-3312

LANCE GREENSTREET,

Petitioner,

v.

SOCIAL SECURITY ADMINISTRATION,

Respondent.

Petition for review of an arbitrator's decision in Case No. BW-2007-R-0006, by Marvin E. Johnson.

_____

DECIDED:  September 24, 2008
_____

Before NEWMAN, LOURIE, and LINN, Circuit Judges.

LINN, Circuit Judge.

In this case, we are called upon to determine whether a "time served" disciplinary suspension is arbitrary.  Petitioner Lance Greenstreet ("Greenstreet") was terminated from his position at the Social Security Administration ("SSA").  In a written decision issued 342 days after Greenstreet's termination, an arbitrator concluded that termination was an excessive penalty and ordered Greenstreet reinstated without back pay.  In re Am. Fed'n of Gov't Employees (AFGE) Local 1923, Case No. BW-2007-R-0006, slip op. at 22-23 (July 5, 2007) ("Arbitrator's Decision").  Greenstreet petitions for review of that decision, claiming that the effect of the arbitrator's decision was a 342-day "time served" suspension, the length of which was arbitrarily determined by the time that the arbitrator took to issue a decision.

Because the length of a suspension is arbitrary when it is based solely on the employee's "time served," we vacate the determination of the arbitrator in part, and remand for consideration of the appropriate length of Greenstreet's suspension.

## I. BACKGROUND

Greenstreet was an IT Specialist in the SSA's Division of Integration and Environmental Testing, where he had worked for eleven years. On March 15, 2006, in an apparently isolated outburst, Greenstreet damaged a computer and other office equipment. As a result of this outburst, Greenstreet was first placed on administrative leave and later terminated, effective July 28, 2006.

Greenstreet's union filed a grievance challenging the termination and requesting that Greenstreet be reinstated and granted back pay, leave, and benefits. The union also invoked the arbitration clause of its collective bargaining agreement, and the case was heard by an arbitrator on April 10, 2007. During the arbitration, Greenstreet conceded that his conduct was improper and that it warranted a "substantial suspension." Id. at 11. Greenstreet argued, however, that termination was too severe a penalty. Id. The parties agreed that the issues to be decided by the arbitrator were: "Was the discharge of [Greenstreet] for such cause as would promote the efficiency of the service? If not, what should be the remedy?" Arbitrator's Decision at 7.

On July 5, 2007, the arbitrator issued a decision granting Greenstreet's grievance in part. The arbitrator evaluated whether termination was an appropriate penalty, applying the factors set forth in Douglas v. Veterans Administration, 5 M.S.P.R. 280, 303-08 (1981). The arbitrator concluded:

> Accordingly, for the reasons set out above—noting, particularly, the absence of prior discipline, the restitution made for the damaged property, the Grievant's satisfactory work performance, and the Agency's failure to

adequately consider Grievant's potential for rehabilitation, I conclude that the Grievant's termination exceeds the limits of reasonableness as required by the <u>Douglas</u> factors and that a substantial suspension is the maximum reasonable penalty for the Grievant's misconduct and for the efficiency of the service.

<u>Arbitrator's Decision</u> at 22-23. The arbitrator accordingly ordered, "The Grievance is granted, in part. The Grievant shall be reinstated without back pay." <u>Id.</u> at 23.

Greenstreet timely petitioned for review of the arbitrator's decision. We have jurisdiction pursuant to 5 U.S.C. § 7121(f) and 5 U.S.C. §§ 7703(a)(1) and (b)(1).

## II. DISCUSSION

Pursuant to 5 U.S.C. § 7121(f), we review decisions of an arbitrator in a negotiated grievance proceeding "in the same manner and under the same conditions as if the matter had been decided by the Board." <u>See also</u> <u>Cornelius v. Nutt</u>, 472 U.S. 648, 661 n.16 (1985). Thus, we "review the record and hold unlawful and set aside any agency action, findings, or conclusions" that we find to be:

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) obtained without procedures required by law, rule, or regulation having been followed; or

(3) unsupported by substantial evidence . . . .

5 U.S.C. § 7703(c) (2006).

Although the arbitrator in this case did not expressly describe his award as imposing a "time served" suspension, that is precisely what the award did. By mitigating Greenstreet's termination to reinstatement without back pay, the arbitrator effectively converted Greenstreet's penalty to a suspension without pay for 342 days—from July 28, 2006 (the date that Greenstreet was terminated) to July 5, 2007 (the date of the arbitrator's decision). Neither party disputes that the arbitrator effectively imposed a

342-day "time served" disciplinary suspension. Greenstreet argues that a "time served" suspension is inherently arbitrary and capricious, because it is based solely on the length of time that elapses between the date of the termination and the date of the arbitrator's decision.

Our predecessor court first addressed "time served" suspensions in Cuiffo v. United States, 131 Ct. Cl. 60 (1955). John Cuiffo was a blocker and bracer at the New York Port of Embarkation in Brooklyn, who was terminated for taking from his worksite lumber that he believed had been discarded. Id. at 61-62. Cuiffo appealed to a grievance review board, which recommended that he be reinstated as of the date of the board's decision, but that "the intervening period from his removal to his restoration be regarded as a non-pay status and just punishment for his attempt to remove Government property without proper authority." Id. at 63. As a result, Cuiffo received in effect a "suspension without pay for 320 days"—the time that it took for his appeal to be resolved. Id. at 69.

The United States Court of Claims set aside the suspension as "arbitrary and unfair." Id. at 70. The court found two problems with the suspension: (1) that it was "out of all proportion to the offense"; and (2) that it was "determined by accident." Id. at 68, 69. Specifically, the court reasoned:

> We think that plaintiff's punishment was determined by accident, and not by a process of logical deliberation and decision. We have no doubt that, had the Review Board reached the plaintiff's case within 10 days or 30 days after his removal, they would have nullified his removal, as they did, and would have ordered his immediate reinstatement. But the Board did not reach the case for several months, and after it and the Acting Chief of Transportation had acted, the agency did not get around to reinstating the plaintiff for several more months. This casual attitude toward the livelihood of a working man, found by the Review Board to be "a veteran of World War I, 55 years of age, who enjoyed an enviable record at the

port" and having "a good reputation for honesty, sobriety, integrity and veracity" was a complete departure from fair dealing and tolerable personnel policy. We think it was so arbitrary and unfair that it should be set aside.

Id. at 69-70. Cuiffo did not expressly hold that any "time served" suspension is necessarily arbitrary. Rather, the court reasoned that Cuiffo's "time served" suspension was "arbitrary and unfair" because it was solely "determined by accident, and not by a process of logical deliberation and decision." Id. at 69.

Relying on Cuiffo, the Merit Systems Protection Board ("MSPB") has consistently and repeatedly held that mitigating a termination to a "time served" suspension—without articulating a basis for the length of the suspension—is inherently arbitrary. See, e.g., Fulks v. Dep't of Def., 100 M.S.P.R. 228, 239 (2005) (holding that arbitrator "erred as a matter of law in interpreting civil service law pertaining to mitigation authority, and that his mitigation of the appellant's removal to a 'time served' suspension of 20 months and 13 days is not entitled to deference"); Jackson v. Veterans Admin., 14 M.S.P.R. 61, 65 (1982) (rejecting mitigation of removal to 164-day "time served" suspension when "the presiding official offered no reasonable basis for such penalty"); Morris v. Naval Weapons Support Ctr., 9 M.S.P.R. 31, 34 (1981) (rejecting 162-day "time served" suspension because "the presiding official in this instance did not articulate a reasonable basis" for the length of the suspension); Belldina v. Dep't of Justice, 50 M.S.P.R. 497, 501 (1991) (rejecting arbitrator's imposition of a 435-day "time served" suspension, because length of suspension was not based on analysis of Douglas factors and arbitrator had "articulated no reasonable basis for the selection of such a suspension period"); see also Fulks, 100 M.S.P.R. at 237-39 (collecting MSPB cases following Cuiffo).

The SSA makes no attempt to distinguish this long line of MSPB cases. Instead, the SSA simply points out (correctly) that we are not bound by the decisions of the MSPB. See Br. for Resp't at 16. Nevertheless, we proceed with caution when asked to depart from twenty-five years of MSPB precedent, particularly since the express purpose for judicial review of arbitrators' decisions in the negotiated grievance context is to bring those decisions into conformity with the decisions of the MSPB. See Cornelius, 472 U.S. at 661 n.16 ("Congress made arbitral decisions subject to judicial review in the same manner and under the same conditions as if the matter had been decided by the Board, expressly to assure conformity between the decisions of arbitrators with those of the Merit Systems Protection Board." (internal quotation marks omitted)).

The SSA instead relies on decisions of this court under the Back Pay Act to support its argument that "time served" penalties are not arbitrary. Under the Back Pay Act, 5 U.S.C. § 5596(b)(1)(A)(i), an employee who has been "affected by an unjustified or unwarranted personnel action" is entitled to receive back pay when the action has been corrected. In the first of the two cases that the SSA cites—American Federation—an employee appealed his termination to an arbitrator, who mitigated the termination to a suspension without back pay. Am. Fed'n of Gov't Employees, Local 2718 v. Dep't of Justice, 768 F.2d 348, 350 (Fed. Cir. 1985). The employee argued on appeal that he was entitled to back pay under the Back Pay Act. Id. The court disagreed, reasoning that, because the arbitrator expressly found that the employee had not "acted honestly and with integrity," the employee's suspension was not "unjustified or unwarranted" within the meaning of the Back Pay Act. Id. at 350-51. The court did not, however, hold that a suspension determined solely by "time served" is not arbitrary; to the contrary, the

arbitrator in American Federation expressly considered the employee's misconduct and concluded that the test articulated in the Back Pay Act had not been met, and that suspension without back pay was warranted.

In Ollett v. Department of the Air Force—the second case that the SSA cites—an arbitrator similarly mitigated an employee's removal to suspension and denied back pay. 253 F.3d 692, 693 (Fed. Cir. 2001). On appeal, the court was unable to discern from the arbitrator's decision the basis on which back pay was denied, and it therefore remanded for further findings, so that the arbitrator could determine whether the denial of back pay was inconsistent with the Back Pay Act. Id. at 695. Like American Federation, Ollett did not involve an arbitrariness challenge to the length of a suspension. Thus, neither American Federation nor Ollett holds that the length of a suspension can be determined solely on the basis of "time served."

Finally, the SSA relies on the persuasiveness of this court's nonprecedential decision in Stilley v. Department of Veterans Affairs, 225 Fed. Appx. 889 (Fed. Cir. 2007), to support the arbitrator's decision. In Stilley, a Department of Veterans Affairs nurse was terminated for improperly ordering laboratory tests for herself and providing fraudulent documentation to excuse absences. Id. at 889. An arbitrator mitigated the penalty to a "time served" suspension, because the terminated employee had not been permitted to have a union representative present during questioning concerning her misconduct. Id. at 890. On appeal, relying on the MSPB's decision in Fulks, Stilley argued "that a 'time-served' suspension is an inappropriate penalty." Id. The Stilley panel rejected this argument and affirmed the arbitrator's imposition of a "time served" suspension, relying on Ollett and American Federation. Id.

We do not find the SSA's reliance on Stilley persuasive, for several reasons. First, in Stilley, the arbitrator expressly considered "factors such as [Stilley's] twenty-four years of exemplary and discipline-free service and her willingness to admit her actions were wrong" in setting the length of her suspension. Id. The arbitrator in this case made no such findings concerning the appropriateness of the length of Greenstreet's suspension. Second, Stilley did not challenge the length of her suspension as arbitrary because it was based solely on "time served." Instead, the Stilley panel characterized Stilley's argument as one that her "time served" suspension was an "inappropriate"—i.e., disproportionate—penalty. Id. By contrast, Greenstreet squarely argues that his suspension was arbitrary in length because it was based solely on "time served." Finally, because the Stilley panel cites and relies on this court's Back Pay Act decisions in Ollett and American Federation, the panel understood Stilley's argument to be premised on the Back Pay Act. See id. Here, however, Greenstreet's argument is not based on the Back Pay Act.

We conclude that the reasoning of Cuiffo, consistent with the holdings of the MSPB, is sound and hold that that the length of a suspension is arbitrary when it is based solely on the suspended employee's "time served" awaiting decision. See, e.g., Fulks, 100 M.S.P.R. at 239. As the Court of Claims made clear in Cuiffo, "punishment . . . determined by accident, and not by a process of logical deliberation and decision" is inherently arbitrary. Cuiffo, 131 Ct. Cl. at 69. There are many factors that a reviewing authority may and should take into account when determining the appropriate length of an employee's suspension. See Douglas, 5 M.S.P.R. at 303-08. But it may not set the length of a suspension based solely on the time that it takes the reviewing authority to

reach a decision. To permit the length of a suspension to be based solely on "time served" would make the penalty depend not on the <u>Douglas</u> factors, which reflect the individual employee's particular situation, but on the speed with which (1) the employee or his representative handled the case, and (2) the tribunal rendered its decision. Our holding should not be read to foreclose a reasoned decision of suspension based on a proper application of the <u>Douglas</u> factors simply because it may be coincident with or nearly coincident with "time served." We make no such artificial rule. Instead, we hold only that the length of a suspension is arbitrary when it is based solely on the employee's "time served."

In this case, the arbitrator based the length of Greenstreet's suspension solely on "time served." Although the arbitrator conducted an analysis under the <u>Douglas</u> factors, his analysis was directed entirely to whether termination was an appropriate penalty. The arbitrator's opinion contains no findings or analysis concerning the appropriate length of Greenstreet's suspension. The arbitrator's imposition of a "time served" suspension is therefore arbitrary and must be vacated. Neither party has asserted that the arbitrator erred by concluding that termination was not an appropriate remedy; that aspect of the arbitrator's determination is therefore affirmed.

## III. CONCLUSION

For the foregoing reasons, we <u>vacate</u> the arbitrator's decision in part, and <u>remand</u> for consideration of the appropriate length of Greenstreet's suspension under <u>Douglas</u>. In all other respects, the arbitrator's decision is <u>affirmed</u>.

<u>AFFIRMED-IN-PART, VACATED-IN-PART, AND REMANDED</u>

COSTS

Each party shall bear its own costs.