# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DANA BANKS,

        Appellant,

        v.

DEPARTMENT OF VETERANS
    AFFAIRS,

        Agency.

DOCKET NUMBER
CB-7121-15-0006-V-1

DATE: February 27, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>M. Jefferson Euchler</u>, Esquire, Virginia Beach, Virginia, for the appellant.

<u>Timothy M. O'Boyle</u>, Esquire, Hampton, Virginia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has requested review of the arbitrator's decision that reversed her removal for sleeping on duty and awarded her reinstatement without back pay and benefits. The Board's standard of review of an arbitration decision is deferential. The Board will only set aside or modify an arbitration decision if the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

appellant establishes that the arbitrator erred in interpreting civil service law, rule, or regulation. *Robinson v. Department of Health & Human Services*, 30 M.S.P.R. 389, 395-96 (1986). Even if the Board disagrees with an arbitrator's decision, absent legal error, the Board cannot substitute its conclusions for those of the arbitrator. Thus, an arbitrator's factual determinations are entitled to deference unless the arbitrator erred in his legal analysis, for instance, by misallocating the burdens of proof or employing the wrong analytical framework. *Kirkland v. Department of Homeland Security*, 119 M.S.P.R. 74, ¶ 12 (2013). For the reasons set forth below, we GRANT the appellant's request for arbitration review under 5 U.S.C. § 7121(d), and AFFIRM the arbitration decision AS MODIFIED, MITIGATING the removal to a 180-day suspension.

¶2        The appellant is a Certified Nursing Assistant for the agency, who suffers from sleep apnea. Request for Review (RFR) File, Tab 1, Subtab 8 at 2, 6. The agency removed her on November 14, 2013, based on a charge of sleeping on duty near a patient whom she was supposed to be supervising. *Id*. at 1-2. The appellant's union grieved the removal, arguing that the agency committed disability discrimination by failing to accommodate the appellant's sleep apnea and that the removal penalty was excessive. RFR File, Tab 1, Subtab 2. The matter went to arbitration, and on October 20, 2014, the arbitrator issued a decision finding that the removal penalty was too severe and awarding the appellant's reinstatement to her position but without back pay and benefits. RFR File, Tab 1, Subtab 8 at 7. He considered that the appellant suffers from sleep apnea, the agency had been successfully accommodating her by not assigning her to one-on-one patient supervision, and she appears to have fallen asleep on the day in question because the agency deviated from its normal accommodation routine. *Id*. at 6. Nevertheless, he found that the appellant shared some of the blame because she told her supervisor that she was capable of working one-on-one with patients that day when, in fact, she was not. *Id*. at 6-7.

¶3       The appellant has filed a request for arbitration review, arguing that the arbitrator erred in not "explicitly" finding that the agency committed disability discrimination by failing to accommodate her sleep apnea on the day in question. RFR File, Tab 1 at 4-6. She argues that the agency's failure to accommodate her should have resulted in no penalty at all rather than a suspension for nearly 1 year, that she should be entitled to back pay, and that she should receive an award of damages. *Id*. The agency has filed a response, arguing that the appellant has failed to identify any legal error in the arbitration decision. RFR File, Tab 4.

¶4       We find that the arbitrator committed no legal error in finding that the appellant failed to prove her disability discrimination claim. It appears to be undisputed that one-on-one patient observations require constant alert attention for the sake of patient safety but that they can have a soporific effect if the patient is inactive for extended periods of time. RFR File, Tab 1, Subtab 8 at 2-4. Thus, this particular assignment was problematic for the appellant, who was already predisposed to falling asleep at work because of her medical condition. The arbitrator found that, for 3 months, the agency had been accommodating the appellant's sleep apnea by not assigning her one-on-one patient observations. RFR File, Tab 1, Subtab 8 at 6. The arbitrator found that the accommodation was effective for as long as it was in place and that there was nothing "unusual or inappropriate" about it. *Id*. Nevertheless, the arbitrator found that the appellant, due to the unusual circumstance of having reported to the wrong shift, consented to her supervisor's request to perform a one-on-one patient observation. *Id*. at 6-7. He found that she should not have consented to this and that she misled the agency about her ability to perform the task safely. *Id*. at 7. Given the arbitrator's finding that the appellant disavowed her need for an accommodation on the day in question, we find no basis to determine that the agency committed disability discrimination by failing to accommodate her. *See Beard v. Department of Energy*, EEOC DOC 0120112979, 2013 WL 2146805 *3 (May 9, 2013) (the agency did not discriminate against the complainant by failing to offer

him a reasonable accommodation because the complainant informed the agency that he did not need an accommodation).

¶5      Nevertheless, we agree with the appellant that her reinstatement without back pay is tantamount to a time-served suspension.  RFR File, Tab 1 at 3; *see Greenstreet v. Social Security Administration*, 543 F.3d 705, 707-10 (Fed. Cir. 2008); *see also* 5 U.S.C. § 7501(d) ("suspension" means the placing of an employee, for disciplinary reasons, in a temporary status without duties and pay). We defer to the arbitrator's reasoned and explained finding that the removal penalty should be mitigated, RFR File at 7; *see Fulks v. Department of Defense*, 100 M.S.P.R. 228, ¶ 29 (2005), but we do not defer to the arbitrator's ultimate penalty selection of a time-served suspension.

¶6      The U.S. Court of Claims first addressed time-served suspensions in *Cuiffo v. United States*, 137 F. Supp. 944 (Ct. Cl. 1955).  There, the court set aside Mr. Cuiffo's time-served suspension as "arbitrary and unfair" because it was "determined by accident, and not by a process of logical deliberation and decision."  *Id*. at 950.  Relying on *Cuiffo*, the Board and the U.S. Court of Appeals for the Federal Circuit have held that mitigating a removal to a time-served suspension without articulating a basis for the length of the suspension is inherently arbitrary and that the arbitrary penalty is not entitled to deference.  *See, e.g.*, *Greenstreet*, 543 F.3d at 707-10; *Fulks*, 100 M.S.P.R. 228, ¶¶ 23, 29; *Belldina v. Department of Justice*, 50 M.S.P.R. 497, 501-02 (1991).

¶7      The appellant in *Fulks*, who suffered from narcolepsy, was removed for sleeping while on duty and failing to follow established leave procedures, resulting in his being absent without leave.  *Fulks*, 100 M.S.P.R. 228, ¶ 2.  The arbitrator found that Mr. Fulks should be reinstated as of the date of his decision, thereby effectively mitigating the removal to a time served suspension of 20 months and 13 days. *Id*., ¶ 22.  On review, the Board noted that in *Cuiffo*, *Belldina*, and *Montalvo v. U.S. Postal Service*, 50 M.S.P.R. 48, 50-51 (1991), the Court of Claims and the Board had found time-served suspensions inappropriate

because the penalty in those cases was determined by accident, i.e., by reference to the length of time taken by the appeal or other administrative review process. *Fulks*, 100 M.S.P.R. 228, ¶ 27. The Board found that the arbitrator's mitigation of Mr. Fulks's removal to a time-served suspension was not entitled to deference because the record "le[ft] no doubt that the unusual length of the suspension to which the arbitrator mitigated the appellant's removal was determined by reference to the time that had elapsed since that removal." *Id.*, ¶¶ 28-29. In particular, the Board found that the arbitrator appeared to have relied on his analysis of the factors for determining the appropriateness of a penalty set forth in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306 (1981), only as a basis for finding that Mr. Fulks was entitled to reinstatement in his former position. *Fulks*, 100 M.S.P.R. 228, ¶ 28. The Board found, however, that the arbitrator's decision that mitigation was warranted was entitled to deference, and it mitigated the penalty to a 120-day suspension. *Id.*, ¶¶ 29, 31.

¶8       In *Greenstreet*, the petitioner was terminated from his position as an Information Technology Specialist with the Social Security Administration for damaging a computer and other office equipment in an apparently isolated outburst. 543 F.3d at 706. Mr. Greenstreet conceded that his conduct had been improper but argued that termination was too severe a penalty. *Id.* Applying the *Douglas* factors, the arbitrator found that termination was an excessive penalty and ordered Mr. Greenstreet reinstated without back pay, thereby effectively mitigating the termination to a time-served suspension. *Id.*

¶9       The Federal Circuit vacated the arbitrator's imposition of a time-served suspension, finding that the length of the suspension was arbitrary because it was based solely on time served. *Id.* at 710. In that regard, the court noted that, although the arbitrator conducted an analysis under the *Douglas* factors, his analysis was directed entirely toward whether termination was an appropriate penalty and his opinion contained no findings or analysis concerning the appropriate length of Mr. Greenstreet's suspension. *Id.* The court concluded,

"[T]he reasoning of *Cuiffo*, consistent with the holdings of the MSPB, is sound and [we] hold that the length of a suspension is arbitrary when it is based solely on the suspended employee's 'time served' awaiting decision." *Id*. (citing *Fulks*, 100 M.S.P.R. at 239).

¶10    As in *Greenstreet* and *Fulks*, the arbitrator in this case considered the *Douglas* factors only to determine whether the removal should be mitigated to a suspension. RFR File, Tab 1, Subtab 8 at 6-7. The lengthy suspension that he imposed was not based upon these factors but was instead based on the amount of time it took to process the grievance, plus however much time it would take for the agency to return the appellant to a paid status.[2] *Id*.; *see Cuiffo*, 137 F. Supp. at 950 (the length of the suspension ordered by the grievance review board was arbitrary and unfair, in part, because it was dependent on the amount of time it took the agency to "get around to reinstating" the employee). The Board does not recognize administrative processing time as an appropriate penalty factor. *Fulks*, 100 M.S.P.R. 228, ¶ 27. Accordingly, we will substitute our own penalty determination based on the arbitrator's findings of fact. *See Belldina*, 50 M.S.P.R. at 502; *Montalvo*, 50 M.S.P.R. at 50.

¶11    The arbitrator found that the offense in this case was serious because it endangered the health of the patient whom the appellant was supposed to be monitoring. RFR File, Tab 1, Subtab 8 at 5; *see Ramirez v. Department of the Treasury*, 14 M.S.P.R. 291, 293 (1983) (the appellant's offense of sleeping on duty was serious because it occurred in a potentially dangerous situation in which the safety of others depended upon his attention to duty). Furthermore, although the appellant's sleeping on duty may not have been intentional in itself, she knowingly allowed herself to be placed into a situation in which this was likely to

---

[2] The appellant alleged in her request for arbitration review that the agency had still not returned her to duty as of November 17, 2014. RFR File, Tab 1 at 1, 3. The agency does not dispute this allegation. It therefore appears that the appellant's time served suspension lasted for at least 368 days and, for all we know, it is ongoing.

happen. RFR File, Tab 1, Subtab 8 at 7; *see Douglas*, 5 M.S.P.R. at 305 (in assessing the seriousness of an offense, the Board will consider whether the offense was intentional or inadvertent). We also find that the appellant's sleeping on duty went directly to the heart of the agency's mission of providing patient care. *See L'Bert v. Department of Veterans Affairs*, 88 M.S.P.R. 513, ¶ 22 (2001) (the appellant's failure to carry out her job responsibilities was inconsistent with the agency's mission of providing medical care to veterans); *Dempsy v. Veterans Administration*, 8 M.S.P.R. 222, 227 (1981) (the appellant's poor patient care adversely affected the agency's mission to provide for the care and well-being of patients). Furthermore, although the appellant is not a supervisor or manager, it appears to us that her duty of rendering attentive patient care, sometimes in an unsupervised environment, entails a considerable level of trust and responsibility. *See Douglas*, 5 M.S.P.R. at 305 (the Board will consider the nature of the offense as it relates to the appellant's duties, position, and responsibilities). In addition, this is not the only incident in which the appellant was found sleeping on duty; there was another incident that occurred just 3 months prior. RFR File, Tab 1, Subtab 8 at 2, 5; *see Douglas*, 5 M.S.P.R. at 305 (the Board will consider an appellant's disciplinary history in making its penalty determinations). Nevertheless, the appellant's sleep apnea played a large part in her misconduct and, although it does not excuse the misconduct, it is a significant mitigating factor. *See Roseman v. Department of the Treasury*, 76 M.S.P.R. 334, 345 (1997). Furthermore, the arbitrator found that the appellant has sought treatment for her sleep apnea and that it is now under better control than it was at the time of the incident underlying the removal, thus suggesting that she may have rehabilitative potential. RFR File, Tab 1, Subtab 8 at 6; *see Bond v. Department of Energy*, 82 M.S.P.R. 534, ¶ 6 (1999). Finally, apart from the sleeping issue, the appellant had approximately 5 years of satisfactory service leading up to her removal. RFR File, Tab 1, Subtab 8 at 2, 6; *see Vigil v. Department of Veterans*

*Affairs*, [46 M.S.P.R. 57](#), 60 (1990) (the appellant's 5 years of satisfactory service were a mitigating factor).

¶12 Weighing these factors together, and in light of the arbitrator's finding that mitigation is warranted, we find that a suspension of 180 days is the most appropriate penalty.

## ORDER

¶13 We ORDER the agency to cancel the appellant's removal and to substitute a 180-day suspension, effective November 14, 2013. *See Kerr v. National Endowment for the Arts*, [726 F.2d 730](#) (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

¶14 We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶15 We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it took to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* [5 C.F.R. § 1201.181](#)(b).

¶16 No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the Clerk of the Board if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and

should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶17        For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached.  The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

### NOTICE TO THE APPELLANT REGARDING
### YOUR RIGHT TO REQUEST
### ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You must file your attorney fees motion with the Clerk of the Board.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of

prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                 _____

                                      William D. Spencer
                                      Clerk of the Board

Washington, D.C.

|  | **DFAS CHECKLIST**<br><br>**INFORMATION REQUIRED BY DFAS IN ORDER TO PROCESS PAYMENTS AGREED UPON IN SETTLEMENT CASES OR AS ORDERED BY THE MERIT SYSTEMS PROTECTION BOARD** |
|---|---|

AS CHECKLIST: INFORMATION REQUIRED BY IN ORDER TO PROCESS PAYMENTS AGREED UPON IN SETTLEMENT CASES

## CIVILIAN PERSONNEL OFFICE MUST NOTIFY CIVILIAN PAYROLL OFFICE VIA COMMAND LETTER WITH THE FOLLOWING:

1. Statement if Unemployment Benefits are to be deducted, with dollar amount, address and POC to send.

2. Statement that employee was counseled concerning Health Benefits and TSP and the election forms if necessary.

3. Statement concerning entitlement to overtime, night differential, shift premium, Sunday Premium, etc, with number of hours and dates for each entitlement.

4. If Back Pay Settlement was prior to conversion to DCPS (Defense Civilian Pay System), a statement certifying any lump sum payment with number of hours and amount paid and/or any severance pay that was paid with dollar amount.

5. Statement if interest is payable with beginning date of accrual.

6. Corrected Time and Attendance if applicable.

## ATTACHMENTS TO THE LETTER SHOULD BE AS FOLLOWS:

1. Copy of Settlement Agreement and/or the MSPB Order.

2. Corrected or cancelled SF 50's.

3. Election forms for Health Benefits and/or TSP if applicable.

4. Statement certified to be accurate by the employee which includes:

   a. Outside earnings with copies of W2's or statement from employer.
   b. Statement that employee was ready, willing and able to work during the period.
   c. Statement of erroneous payments employee received such as; lump sum leave, severance pay, VERA/VSIP, retirement annuity payments (if applicable) and if employee withdrew Retirement Funds.

5. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts.

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

    a.  Employee name and social security number.
    b.  Detailed explanation of request.
    c.  Valid agency accounting.
    d.  Authorized signature (Table 63)
    e.  If interest is to be included.
    f.  Check mailing address.
    g.  Indicate if case is prior to conversion.  Computations must be attached.
    h.  Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected. (if applicable)

Attachments to AD-343

1.  Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement. (if applicable)

2.  Copies of SF-50's (Personnel Actions) or list of salary adjustments/changes and amounts.

3.  Outside earnings documentation statement from agency.

4.  If employee received retirement annuity or unemployment, provide amount and address to return monies.

5.  Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)

6.  If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.

7.  If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases: (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a.  Must provide same data as in 2, a-g above.
    b.  Prior to conversion computation must be provided.
    c.  Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.