NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TERESA BORZA,**
*Petitioner*

**v.**

**DEPARTMENT OF COMMERCE,**
*Respondent*

---

2018-1873

---

Petition for review of an arbitrator's decision in No. 171202-51398-1 by Robert B. Lubic.

---

Decided: May 29, 2019

---

RUSHAB SANGHVI, Office of General Counsel, American Federation of Government Employees, Washington, DC, argued for petitioner.

ADAM E. LYONS, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent. Also represented by JOSEPH H. HUNT, REGINALD THOMAS BLADES, JR., ROBERT EDWARD KIRSCHMAN, JR.

---

Before PROST, *Chief Judge,* LOURIE and WALLACH,
*Circuit Judges.*

PROST, *Chief Judge.*

Teresa L. Borza petitions for review of an arbitrator's
decision imposing a 561-day suspension. Because the arbi-
trator failed to justify the length of suspension, we vacate-
in-part the arbitrator's decision and remand for further
consideration.

BACKGROUND

Ms. Borza began working at the U.S. Census Bureau in
1998, initially as a typist and then as a Management Ana-
lyst. On December 15, 2013, the U.S. Office of the Inspec-
tor General received an anonymous complaint that several
employees, including Ms. Borza, were regularly claiming
time and receiving pay for hours they had not worked.
Consequently, in February 2014, the Census Bureau initi-
ated an investigation into the matter. It determined that
Ms. Borza received pay for more than 900 hours of unper-
formed work beginning on January 4, 2010, and amounting
to about $40,000 in gross income.

Accordingly, Ms. Borza was placed on administrative
leave in May 2015, then terminated, effective September 9,
2016. Although her union filed a grievance challenging the
termination, the agency ultimately decided to maintain its
position. Thus, Ms. Borza, through her union, requested
arbitration under the collective bargaining agreement.

An arbitrator heard Ms. Borza's case on November 9,
2018, and issued an opinion granting Borza's grievance on
February 22, 2018. *See generally*, J.A. 1–36 (Arbitrator's
Decision). Based on his analysis of the factors set forth in
*Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 303–
08 (1981), used to determine the appropriate penalty for an
employee's conduct, the arbitrator concluded that remedy
of removal was too severe. Specifically, he reasoned that
although "the penalty of dismissal [was] within the

tolerable limits of reasonableness," J.A. 31, it should be mitigated "in light of Borza's past 17-year record." J.A. 34. Because Ms. Borza's record reflects "no other disciplinary charges, advancement from the position of typist to management analyst, numerous awards and commendations, and performance of her duties in a positive manner after receiving her first notice of proposed removal (proving the potential of rehabilitation)," the arbitrator concluded that "the adverse action of her removal from Federal service is too severe under the circumstances and does not actually promote the efficiency of the service." J.A. 34–35.

The arbitrator next concluded that "the disciplinary action of ***extended suspension***, . . . based upon the entire record in this matter, appears as reasonable punishment." J.A. 35. He ordered that "[w]ithin thirty days from the date of []his decision, [Ms. Borza] may return to her position . . . [or] she may resign . . . without any accrued benefits during her absence." J.A. 36. The arbitrator noted, however, that if she neither returned to work nor resigned during the specific set period, the charge of dismissal would stand. *Id.* Ms. Borza returned to her position effective March 24, 2018, concluding a 561-day suspension. She subsequently retired before filing this appeal on April 20, 2018. Oral Arg. at 10:18–37, No. 2018-1873, http://www.cafc.uscourts. gov/oral-argument-recordings.

On appeal, we review the arbitrator's decision "in the same manner and under the same conditions as if the matter had been decided by the [Merit Systems Protection] Board." 5 U.S.C. § 7121(f). Further, we will uphold the arbitrator's decision unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c).

DISCUSSION

This appeal concerns whether the arbitrator imposed a time-served suspension solely based on the time elapsed between Ms. Borza's removal and her reinstatement.[1] Our decision in *Greenstreet v. Social Security Administration*, 543 F.3d 705 (Fed. Cir. 2008) controls our decision here.

A

In all legally-relevant respects, the facts of *Greenstreet* are virtually indistinguishable from the facts of this case. Mr. Greenstreet, an IT specialist for the Social Security Administration, damaged a computer and other office equipment in an isolated outburst. *Greenstreet*, 543 F.3d at 706. As a result, Mr. Greenstreet was placed on administrative leave and then terminated. Mr. Greenstreet's union subsequently filed a grievance challenging the termination and invoked the arbitration clause of its collective bargaining agreement. *Id.* The arbitrator issued his decision roughly three months after hearing the case, concluding that Mr. Greenstreet's termination was unreasonable in view of the *Douglas* factors and ordering that Mr. Greenstreet be immediately reinstated. *Id.*

On appeal, this court concluded that "[b]y mitigating Greenstreet's termination to reinstatement without backpay, the arbitrator effectively converted Greenstreet's penalty to a suspension without pay for 342 days." *Id.* at 707. The court then held that "the length of a suspension is arbitrary when it is based solely on the suspended employee's 'time served' awaiting decision." *Id.* at 709. We therefore vacated the arbitrator's decision and remanded for

---

[1] Neither party has asserted that the arbitrator erred by concluding suspension, rather than termination, was the appropriate remedy.

consideration of the appropriate length of suspension based on the *Douglas* factors. *Id.* at 710.

B

The government attempts to distinguish this case from *Greenstreet*. It argues that unlike the arbitrator in *Greenstreet*, here, the arbitrator actually performed a *Douglas* factor analysis to determine that extended suspension was a reasonable punishment for the misconduct. For support, the government focuses on the portion of the arbitrator's decision that addresses the *Douglas* factors and then states that "*[i]n view of the foregoing*, the disciplinary action of extended suspension, . . . *based on the entire record* in this matter, appears to be reasonable punishment." J.A. 35 (emphases added).

We agree with the government that the arbitrator applied the *Douglas* factors to determine that suspension (as opposed to termination) was the appropriate penalty. But *Greenstreet* requires more. To be sure, *Greenstreet* dictates that the arbitrator must also provide a reasoned and principled analysis as to the appropriate length of that suspension. 543 F.3d at 710. The arbitrator's analysis in this case undeniably falls short of this requirement.

That said, the government's argument that Ms. Borza's 561-day suspension is commensurate with the penalty applicable to an employee who received an overpayment of 900 hours for time she claimed but did not work on at least 564 different occasions, carries some force. As the government noted, "the arbitrator may come back, and he may say, 'she stole time on 564 occasions, leading to 900 hours, I think the penalty of one day per occasion is appropriate' . . . so we may end up right were we are with the exact same suspension." Oral Arg. at 12:28–42. Moreover, as we have said previously, our holding in *Greenstreet* "should not be read to foreclose a reasoned decision of suspension based on a proper application of the *Douglas* factors simply

because it may be coincident with or nearly coincident with 'time served.'" *Greenstreet*, 543 F.3d at 710.

In this case, however, a gap exists in the arbitrator's reasoning, and it should not be minimized. Simply concluding, without explanation, that 561 days is the appropriate length for Ms. Borza's suspension is inadequate. She is entitled to know why.

## CONCLUSION

For the foregoing reasons, we affirm the arbitrator's decision that suspension, rather than termination, is the appropriate remedy for Ms. Borza's misconduct. We vacate, however, the arbitrator's decision in all other respects and remand for a principled analysis of the appropriate length of Ms. Borza's suspension.

**AFFIRMED-IN-PART, VACATED-IN-PART, AND REMANDED-IN-PART**

## COSTS

The parties shall bear their own costs.