**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| FABRIAN B. WILSON,<br>　　　　　　Appellant, | DOCKET NUMBER<br>AT-0752-15-0194-I-1 |
| 　　　　v. | |
| UNITED STATES POSTAL SERVICE,<br>　　　　　　Agency. | DATE: December 29, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Brandi Nave</u>, Esquire, Washington, D.C., for the appellant.

<u>Sandra W. Bowens</u>, Esquire, Memphis, Tennessee, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1　　The appellant has filed a petition for review of the initial decision, which affirmed his removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 Effective February 28, 2014, the agency removed the appellant, a preference-eligible Tractor Trailer Operator at the Memphis, Tennessee Processing and Distribution Center, for unacceptable conduct, alleging that, on December 12, 2013, he pulled a coworker from his vehicle, threw him against the truck, and pinned him down against the truck by placing a forearm at the bottom of his neck. Initial Appeal File (IAF), Tab 1 at 1, Tab 7 at 26-29, 140. The union grieved the appellant's removal on his behalf, and the grievance proceeded to arbitration. IAF, Tab 7 at 13‑23, 32‑48. On June 30, 2014, after holding a hearing, the arbitrator issued an award sustaining the charge of unacceptable conduct and finding no evidence of discrimination. *Id.* at 21, 23. In sustaining the charge, the arbitrator noted that "[i]t is undisputed that [the appellant] was involved in a physical altercation with a co-worker on the evening of December 12, 2013. The victim filed charges and [the appellant] was found guilty of assault/bodily harm by the State of Tennessee."[2] *Id.* at 21. Nonetheless,

---

[2] The record contains a copy of the Memphis police report of the incident and the resulting arrest of the appellant based on a criminal charge of simple assault. IAF, Tab 7 at 77‑81. According to the September 4, 2014 final agency decision on the

the arbitrator mitigated the removal penalty to a time-served suspension. *Id.* at 23. The agency returned the appellant to work pursuant to the arbitration award on July 5, 2014. IAF, Tab 1 at 16.

¶3 The appellant also filed a formal equal employment opportunity (EEO) complaint in which he claimed that the agency discriminated against him on the basis of sex when it proposed his removal on January 8, 2014, and when it removed him effective February 28, 2014. *Id.* at 8, 17-18. In a September 4, 2014 final agency decision (FAD), the agency found that the evidence did not support a finding that the appellant was subjected to discrimination as alleged. *Id.* at 21-22. The FAD notified the appellant of his right to appeal the decision to the Board as a mixed-case appeal. *Id.* at 21.

¶4 On October 3, 2014, the appellant appealed his "long term suspension" to the Board and requested a hearing. *Id.* at 1-2. He argued that the time-served suspension imposed by the arbitrator was too harsh for a "minor altercation" and asserted that the agency's action was discriminatory because "the Postal Service should have known the long term suspension was too harsh." *Id.* at 5. The administrative judge issued several orders regarding the Board's jurisdiction and directed the appellant to clarify whether he was seeking to appeal the arbitrator's award, a matter over which the Board would lack jurisdiction, or the underlying removal action. IAF, Tab 2 at 2-3, Tab 15 at 2-5. The administrative judge explained that, if the appellant were appealing the underlying removal, then collateral estoppel would preclude relitigation of the charged misconduct, but that collateral estoppel would not be applied to the arbitrator's penalty determination because it was determined "by accident," i.e., by reference to the length of time taken by the appeal or administrative review process. IAF, Tab 15 at 3. The administrative judge further explained that the Board would review the penalty

appellant's discrimination complaint, "he was found guilty of assault and was sentenced to 11 months and 29 days of diversion in late March 2014." IAF, Tab 1 at 15.

determination de novo and could sustain the removal and order it reinstated, notwithstanding the arbitration award mitigating the penalty to a time‑served suspension. *Id.* The appellant responded, confirming that he sought to challenge the removal action, not the arbitrator's award. IAF, Tab 6 at 5-7, Tab 18 at 4-7. The administrative judge also apprised the appellant of his burden and elements of proof as to his discrimination affirmative defense. IAF, Tab 20 at 4‑5.

¶5 After holding a hearing, the administrative judge issued an initial decision applying collateral estoppel to the merits of the removal action and reviewing the appropriateness of the penalty and the discrimination issues de novo. IAF, Tab 25, Initial Decision (ID) at 3. The administrative judge found that the agency's selected penalty of removal was within the tolerable limits of reasonableness and entitled to deference and that the appellant failed to establish his affirmative defense. ID at 3‑8. Thus, the administrative judge held that the agency could reinstate the removal if it deemed it appropriate and if it were not precluded from doing so by its own regulations or any applicable collective bargaining agreement (CBA). ID at 8.

¶6 The appellant has filed a petition for review of the initial decision, and the agency has responded in opposition. Petition for Review (PFR) File, Tabs 1, 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7 Preference-eligible employees of the U.S. Postal Service, like the appellant, are entitled to simultaneously pursue both a grievance pursuant to a CBA and a Board appeal under 5 U.S.C. § 7513. *Milligan v. U.S. Postal Service*, 106 M.S.P.R. 414, ¶ 7 (2007). An appeal under 5 U.S.C. § 7513 is a de novo proceeding. *Id.* The burden and standards of proof in such a proceeding are governed by 5 U.S.C. § 7701, and do not include review of an arbitrator's findings under a deferential or any other standard. *Id.* However, when a Postal grievance goes to arbitration, collateral estoppel may preclude relitigation of the

underlying adverse action in a subsequent Board appeal. *Farrelly v. U.S. Postal Service*, 86 M.S.P.R. 230, ¶ 9 (2000), *aff'd*, 13 F. App'x 910 (Fed. Cir. 2001).

¶8        Applying the doctrine of collateral estoppel is appropriate when:  (1) the issue previously adjudicated is identical to that now presented; (2) that issue was actually litigated in the prior case; (3) the previous determination of that issue was necessary to the resultant judgment; and (4) the party precluded by the doctrine was fully represented in the prior action.  *Id.*  Here, the issue before the Board is identical to that adjudicated by the arbitrator, the removal was actually litigated in an evidentiary hearing on the grievance, the previous determination of the issues was necessary to the resulting judgment, and the appellant was fully represented in the arbitration proceedings.  IAF, Tab 7 at 13‑23.  Thus, we agree with the administrative judge that the record in this case establishes that the requirements of collateral estoppel are satisfied.  ID at 2.

¶9        Nonetheless, the application of collateral estoppel is discretionary and, even when the criteria have been met, there are circumstances in which it is improper to apply collateral estoppel.  *Milligan*, 106 M.S.P.R. 414, ¶ 9; *Hay v. U.S. Postal Service*, 103 M.S.P.R. 167, ¶ 19 (2006); *see Kroeger v. U.S. Postal Service*, 865 F.2d 235, 239 (Fed. Cir. 1988).  As relevant here, the Board has held that collateral estoppel should not be applied when the prior decision involves a pure question of law—such as whether the length of the suspension may be "determined by accident"—or when the prior decision is facially incorrect under the Board's interpretation of civil service law.  *Milligan*, 106 M.S.P.R. 414, ¶ 10; *Montalvo v. U.S. Postal Service*, 50 M.S.P.R. 48, 50‑51 (1991).

¶10       The Board's case law requires the body reviewing the appropriateness of a disciplinary action to consider the *Douglas* factors in assessing the reasonableness of the penalty.[3]  *Milligan*, 106 M.S.P.R. 414, ¶ 11; *Douglas v.*

---

[3] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305‑06 (1981), the Board articulated a nonexhaustive list of 12 factors that are relevant in assessing the appropriate penalty for an act of misconduct.  These so-called *Douglas* factors include

*Veterans Administration*, 5 M.S.P.R. 280, 305‑06 (1981). Our reviewing court has stated that, when a penalty is "determined by accident," i.e., by reference to the length of time taken by the appeal or other administrative review process, "rather than by a process of logical deliberation and decision" and a consideration of the *Douglas* factors, the selected penalty is "inherently arbitrary." *Greenstreet v. Social Security Administration*, 543 F.3d 705, 709-10 (Fed. Cir. 2008) (quoting *Cuiffo v. United States*, 131 Ct. Cl. 60, 69 (1955)); *see Milligan*, 106 M.S.P.R. 414, ¶ 13; *Montalvo*, 50 M.S.P.R. at 50. The Board cannot sustain penalties that are arbitrary on their face and may not apply collateral estoppel to an arbitrary penalty selected by an arbitrator. *See Milligan*, 106 M.S.P.R. 414, ¶¶ 13-14.

¶11        In the instant matter, the arbitrator found that the testimony of the proposing official, C.T., was "to say the least, inconsistent" and concluded that "the Notice of Proposed Removal was issued because of the zero tolerance for workplace violence and not for just cause." IAF, Tab 7 at 23. Thus, the arbitrator found that C.T. "violated the appellant's due process rights by not considering his overall record and/or any mitigating factors which included [18] years of service with no discipline on file." *Id.* The arbitrator noted that the appellant "appeared to be very remorseful for his actions and testified that he had no ill will toward the victim" and found that the appellant could be rehabilitated. *Id.* Nonetheless, because the appellant "was found guilty of assault/bodily harm by the State of Tennessee and he is guilty of unacceptable conduct," the arbitrator "sustained [the grievance] to the extent that [the appellant] shall be returned to work with no back pay and his time off considered a long term suspension." *Id.*

¶12        Although the arbitrator considered some of the *Douglas* factors, his analysis was focused on whether removal was an appropriate penalty and the opinion does not contain any findings or analysis regarding the appropriate length of the

the nature and seriousness of the offense, the appellant's past disciplinary record, his past work record, his potential for rehabilitation, and mitigating circumstances surrounding the offense. *Id.*

suspension. *Id.* at 13‑23. Thus, the arbitrator's imposition of a time-served suspension is arbitrary, and the Board will not apply collateral estoppel to the arbitrator's penalty determination. *See Milligan*, 106 M.S.P.R. 414, ¶¶ 13‑14. The Board has held that the proper course of action in such a case is to apply collateral estoppel to the arbitrator's decision regarding the charged misconduct and then apply the *Douglas* factors to the arbitrator's factual findings to determine the appropriate penalty. *Jones v. U.S. Postal Service*, 110 M.S.P.R. 489, ¶ 7 (2009); *Milligan*, 106 M.S.P.R. 414, ¶ 14. Here, following *Jones* and *Milligan*, the administrative judge applied collateral estoppel to the arbitrator's findings on the merits of the removal action and conducted a de novo review of the agency's penalty determination. ID at 2-3.

¶13       On review, the appellant argues, in part, that the administrative judge misinterpreted *Jones* and *Milligan* and erred by "conduct[ing] a hearing in which he reached a completely different and adverse decision without any consideration for collateral estoppel to the merits of the arbitration award." PFR File, Tab 1 at 4-5. In *Milligan*, as noted above, the Board found that, when an arbitration decision imposes a time‑served suspension, the length of which is based solely on the time taken by the grievance proceedings, "[t]he proper course of action is to apply collateral estoppel to the arbitrator's decision with regard to the charged misconduct . . . and then apply the Douglas factors to [the arbitrator's factual findings] to determine the appropriate penalty." *Milligan*, 106 M.S.P.R. 414, ¶¶ 13‑14. The Board further explained that, in such a case, the Board reviews the agency's penalty determination de novo under 5 U.S.C. § 7513 and can uphold the removal action originally imposed by the agency. *Id.*, ¶¶ 14-15, 19. In *Jones*, the Board dismissed the appeal for lack of jurisdiction because the appellant in that case sought Board review of the arbitrator's award, rather than the underlying

removal action.[4] *See Jones*, 110 M.S.P.R. 489, ¶¶ 4, 8-9. Consistent with *Jones* and *Milligan*, after confirming the appellant's intent to appeal the underlying removal, the administrative judge correctly applied collateral estoppel to the arbitrator's decision sustaining the charge and reviewed the penalty determination de novo.[5] ID at 3-8. The appellant's contentions to the contrary are incorrect and provide no basis to disturb the initial decision.

¶14    After reviewing the agency's penalty determination and considering the deciding official's hearing testimony, the administrative judge found that the deciding official properly considered the relevant *Douglas* factors and that the appellant failed to establish his disparate penalties claim. ID at 6-7. As such, he concluded that, although harsh, the removal penalty was within the tolerable limits of reasonableness and was entitled to deference. ID at 7. On review, the

---

[4] The Board typically has jurisdiction to review an arbitration decision under 5 U.S.C. § 7121(d) when the subject matter of the grievance is one over which the Board has jurisdiction, the appellant has alleged discrimination as stated in 5 U.S.C. § 2302(b)(1) in connection with the underlying action, and a final decision has been issued. *Anderson v. U.S. Postal Service*, 109 M.S.P.R. 558, ¶ 4 (2008). However, a Postal Service employee does not have a right of Board review of an arbitration decision because 5 U.S.C. § 7121 does not apply to the U.S. Postal Service. *Id.*

[5] The Board has, in some non-Postal Service cases, deferred to the arbitrator's findings of fact concerning the mitigation issue and conclusion that the evidence warranted mitigation of the removal. *See, e.g.*, *Fulks v. Department of Defense*, 100 M.S.P.R. 228, ¶ 29 (2005). We find that it is not appropriate to apply collateral estoppel or otherwise defer to the arbitrator's findings or conclusions regarding mitigation here, however, because the arbitrator did not properly apply the Board's case law in his penalty analysis. IAF, Tab 7 at 23. As discussed below, the Board will review an agency-imposed penalty only to determine if the agency considered the relevant *Douglas* factors in imposing the penalty and whether the imposed penalty clearly exceeded the bounds of reasonableness. *See Davis v. U.S. Postal Service*, 120 M.S.P.R. 457, ¶ 6 (2013); *Douglas*, 5 M.S.P.R. at 306. Here, the arbitrator's analysis focused on the *proposing official's* consideration of the *Douglas* factors in *proposing* the removal and did not address or consider the *deciding official's* consideration of the *Douglas* factors in imposing the removal. IAF, Tab 1 at 13-23. Because the Board will not apply collateral estoppel to determinations that are facially incorrect under the Board's interpretation of civil service laws, *Montalvo*, 50 M.S.P.R. at 50-51, we do not apply collateral estoppel to the arbitrator's determinations that the agency failed to consider the relevant *Douglas* factors in imposing the removal or that mitigation is warranted.

appellant argues, as he did below, that the deciding official failed to consider the *Douglas* factors and that the agency treated other employees more leniently for similar misconduct. PFR File, Tab 1 at 5-6. These arguments constitute mere disagreement with the administrative judge's well‑reasoned findings and implied credibility findings and provide no basis to disturb the initial decision. *See Forte v. Department of Navy*, 123 M.S.P.R. 124, ¶ 16 (2016) (finding that mere disagreement with the administrative judge's implied credibility findings provides no basis for disturbing the initial decision); *Davison v. Department of Veterans Affairs*, 115 M.S.P.R. 640, ¶ 9 (2011) (finding that mere disagreement with an administrative judge's explained findings is not a basis to grant a petition for review). Nonetheless, we have reviewed the administrative judge's penalty analysis and, for the reasons that follow, find no reason to disturb it.

¶15 As noted above, we adopt the arbitrator's decision sustaining the single charge of unacceptable conduct based on the appellant's assault of a coworker in the workplace. When, as here, all of the agency's charges have been sustained, the Board will review an agency-imposed penalty only to determine if the agency considered all of the relevant factors and exercised management discretion within tolerable limits of reasonableness. *Davis v. U.S. Postal Service*, 120 M.S.P.R. 457, ¶ 6 (2013); *Douglas*, 5 M.S.P.R. at 306. In making such a determination, the Board must give due weight to the agency's primary discretion in maintaining employee discipline and efficiency, recognizing that the Board's function is not to displace management's responsibility but to ensure that managerial judgment has been properly exercised. *Davis*, 120 M.S.P.R. 457, ¶ 6. Thus, the Board will modify a penalty only when it finds that the agency failed to weigh the relevant factors or that the penalty clearly exceeded the bounds of reasonableness. *Id.*

¶16 The Board has articulated factors to be considered in determining the propriety of a penalty, such as the nature and seriousness of the offense, the employee's past disciplinary record, the supervisor's confidence in the employee's ability to perform his assigned duties, the consistency of the penalty

with the agency's table of penalties, and the consistency of the penalty with those imposed on other employees for the same or similar offenses. *Id.*, ¶ 7. Not all of the factors will be pertinent in every instance, and so the relevant factors must be balanced in each case to arrive at the appropriate penalty. *Id*. The seriousness of the appellant's offense is always one of the most important factors in assessing the reasonableness of an agency's penalty determination. *Id.*

¶17    The removal decision reflects that the deciding official considered the appellant's 18 years of service and his lack of prior discipline, but that he concluded that removal was warranted due to the seriousness of the appellant's behavior and the agency's zero tolerance policy for violent behavior in the workplace. IAF, Tab 7 at 26. The deciding official noted that he was not aware of any appropriate alternative sanction because "[i]ssuing a lesser penalty would subject this office to an untenable situation" and the appellant's return to work "may instill fear in [his] coworker(s) who are aware of the altercation." *Id.* The deciding official also noted that removal was consistent with the penalty imposed on other employees for the same or similar offenses. *Id.* In the initial decision, the administrative judge discussed the deciding official's hearing testimony regarding his assessment of the penalty and found that he "conscientiously considered the *Douglas* factors." ID at 6-7. The appellant's bare contentions to the contrary on review provide no basis to disturb this finding. PFR File, Tab 1 at 5. Thus, the agency's penalty determination is entitled to deference unless it clearly exceeds the bounds of reasonableness. *See Davis*, 120 M.S.P.R. 457, ¶ 6.

¶18    As noted above, the consistency of the penalty with those imposed upon other employees for the same or similar offenses is one factor to be considered in determining the reasonableness of an agency-imposed penalty. *Id.*, ¶ 7; *Douglas*, 5 M.S.P.R. at 305. To establish disparate penalties, the appellant must show that the charges and circumstances surrounding the charged behavior are substantially similar. *Voss v. U.S. Postal Service*, 119 M.S.P.R. 324, ¶ 6 (2013). If an appellant makes such a showing, then the agency must prove a legitimate reason

for the difference in treatment by a preponderance of the evidence before the penalty can be upheld. *Id.* To trigger the agency's burden, the appellant must show that there is enough similarity between both the nature of the misconduct and other factors, such as whether the appellant and the comparator were in the same work unit, had the same supervisor and/or deciding official, and whether the events occurred relatively close in time, to lead a reasonable person to conclude that the agency treated similarly situated employees differently. *Id.* However, the Board will not have hard and fast rules regarding the outcome determinative nature of these factors. *Id.* (citing *Lewis v. Department of Veterans Affairs*, 113 M.S.P.R. 657, ¶¶ 12, 15 (2010)).

¶19   The administrative judge found that the misconduct of the first proffered comparator, B.P., who attempted to put a piece of paper into her supervisor's pocket, was trivial compared to the appellant's physical altercation, which involved a criminal assault. ID at 6. The administrative judge further determined that the other three alleged comparators, S.M., W.B., and E.C., were treated the same as the appellant because the agency imposed their removals after they engaged in a physical altercation with a coworker. ID at 6-7. The administrative judge explained that the fact that the agency ultimately reduced the penalties imposed on S.M., W.B., and E.C. as a result of litigation was not relevant to the disparate penalty claim. *Id.* Thus, the administrative judge concluded that the appellant failed to establish his disparate penalties claim. ID at 7. On review, the appellant challenges this finding, arguing that "[t]he fact that the discipline was mitigated indicates that the agency should have known that [it] would not prevail in an adverse action which was similar." PFR File, Tab 1 at 5.

¶20   The record reflects that the agency removed W.B. and S.M., who were charged with engaging in a physical altercation with each other, effective March 14, 2007. IAF, Tab 19 at 42-43, 46-47. During the hearing, a labor relations official, J.B., testified that S.M. and W.B. were later returned to work through "some other process." IAF, Tab 24, Hearing Compact Disc (HCD)

(testimony of J.B.). The record also contains a proposal notice and decision letter showing that the agency removed E.C. for assault and improper conduct on March 14, 2007. IAF, Tab 19 at 19-25. However, the agency appears to have returned E.C. to work as well, as evidenced by a redacted Postal Service Form 50 in the record dated November 16, 2013, documenting an unascertainable personnel action. IAF, Tab 7 at 138. In addition, J.B. testified that the agency proposed E.C.'s removal again in 2013 and that she ultimately served a 7‑day suspension.[6] HCD (testimony of J.B.). The record reflects, furthermore, that the agency suspended B.P. for 7 days in 2014 after she put a piece of paper into a supervisor's pocket. IAF, Tab 7 at 119‑22.

¶21     We agree with the administrative judge that a physical altercation is not substantially similar in nature to placing a piece of paper in someone's pocket, even where such contact is unwanted. ID at 6. Regarding W.B., S.M., and E.C., we agree that the agency treated them the same as it did the appellant by removing them for engaging in a physical altercation in the workplace. ID at 6‑7. As the administrative judge correctly noted, the fact that W.B., S.M., and E.C. ultimately received a lesser penalty after exercising their appeal or grievance rights to challenge their removals does not change the fact that the agency initially imposed their removal, as it did the appellant's removal. *Id.*; *see, e.g.*, *Davis*, 120 M.S.P.R. 457, ¶ 10 (stating that an agency is not required to explain the difference in treatment when another employee receives a lesser penalty, despite apparent similarities in circumstances, as the result of a settlement agreement). Moreover, S.M., W.B., and E.C. did not have the same deciding official as did the appellant and their 2007 removals did not occur relatively close in time to the appellant's 2014 removal. IAF, Tab 19 at 19-25, 42‑43, 46‑47.

---

[6] The record does not contain any documentation regarding a proposed action against E.C. in 2013. However, the FAD notes that the agency proposed E.C.'s removal on at least two occasions. IAF, Tab 1 at 17.

¶22    The appellant's contentions on review, even if true, do not establish that there is enough similarity between both the nature of his misconduct and other factors to lead a reasonable person to conclude that the agency treated similarly situated employees differently. *See Voss*, 119 M.S.P.R. 324, ¶ 6. Accordingly, we discern no basis to disturb the administrative judge's finding that the appellant failed to establish his disparate penalties claim.

¶23    As stated above, the Board's function is not to displace management's responsibility or to decide what penalty it would impose, but to assure that managerial judgment has been properly exercised and that the penalty selected by the agency does not exceed the maximum limits of reasonableness. *Davis*, 120 M.S.P.R. 457, ¶ 6. Recognizing that the Board must afford proper deference to the agency's primary discretion in managing its workforce, the administrative judge found that removal was a reasonable penalty in this case. ID at 7. On review, the appellant has not presented any evidence or argument tending to show that the agency abused its managerial judgment or that the deciding official overlooked mitigating factors. PFR File, Tab 1. Therefore, we agree that the agency acted within the tolerable limits of its discretion in removing the appellant. *See Bree v. Department of Health & Human Services*, 49 M.S.P.R. 68, 72 (1991) (stating that "[p]hysical altercations at the worksite directly affect the agency's obligation to maintain a safe workplace, and, by their very nature, are disruptive to the efficiency of the service").

¶24    Finally, the appellant generally disagrees with the administrative judge's finding that he did not establish his affirmative defense of disparate treatment based on sex. PFR File, Tab 1 at 5. In considering an appellant's affirmative defense of discrimination, the Board will first inquire whether the appellant has shown by a preponderance of the evidence that discrimination was "a motivating factor in the contested personnel action, even if it was not the only reason." *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 41 (2015). As discussed above, the appellant has not shown that the agency treated him more harshly than

any similarly situated comparator employee. Moreover, he has failed on review, as he did below, to provide any evidence tending to show that the real reason for the agency's action was discriminatory animus, as opposed to the reason articulated by the agency. PFR File, Tab 1. Accordingly, we find no reason to disturb the administrative judge's finding on this issue. ID at 5.

¶25    In light of the foregoing, we affirm the initial decision.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  Title 5 of the U.S. Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

FOR THE BOARD:                           _____
                                         Jennifer Everling
                                         Acting Clerk of the Board

Washington, D.C.